K C

# United States Bankruptcy Court

NORTHERN DISTRICT OF ILLINOIS

219 S. Dearborn Street

Chicago, IL 60604

**Kenneth S. Gardner**, Bankruptcy Clerk

Date        6/04/2008

Michael Dobbins, Clerk
United States District Court
Northern District of Illinois
219 S Dearborn Street
Chicago, IL 60604

Case Number        07-05127

Case Name        Jeffrey Brown

Notice of Appeal Filed        4/24/2008

Appellant        Jeffrey Brown

Dear Sir:

Pursuant to **Bankruptcy Rule 8007** transmitted herewith is the Record on Appeal. The Record on Appeal consist of:

| | | | |
|---|---|---|---|
| ✓ | Transmittal Letter and Civil Cover Sheet | ✓ | Notice of Appeal |
| ✓ | Designation and Statement of Issues | ✓ | Copy of Documents Designated |
| ☐ | Transcript of Proceeding | ☐ | Exhibits |
| ☐ | In Forma Pauperis | ☐ | Expedited Notice of Appeal |

**FILED**

JUN - 4 2008

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

Additional Items Included

☐ _____

**08CV3230
JUDGE LEINENWEBER
MAG. JUDGE SCHENKIER**

☐        Total Volumes Transmitted

The following items will be transmitted as a supplemental to the Record on Appeal

☐ _____

_____

Previous D C Judge        _____        Case Number        _____

By Deputy Clerk        _____

Revised 01/26/2004

**DismPayment, APPEAL**

# U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Bankruptcy Petition #: 07-05127
### Internal Use Only

*Assigned to:* Jacqueline P. Cox
Chapter 13
Voluntary
Asset

*Date Filed:*
03/22/2007
*Date Dismissed:*
04/14/2008

| | |
|---|---|
| **Debtor**<br>**Jeffrey Brown**<br>15840 S. Marshfield<br>Harvey, IL 60426 | represented **James L Hardemon**<br>by Legal Remedies, Chartered<br>8527 S Stony Island<br>Chicago, IL 60617<br>773-374-5288<br>Fax : 773-374-5642<br>Email:<br>bknotices@legalremedieschicago.com |

**Trustee**
**Tom Vaughn**
200 South Michigan Ste
1300
Chicago, IL 60604
312 294-5900

**08CV3230**
**JUDGE LEINENWEBER**
**MAG. JUDGE SCHENKIER**

*U.S. Trustee*
**William T Neary**
Office of the U.S. Trustee,
Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785



This is to certify that the within and attached document is a full true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois

KENNETH S. GARDNER
BANKRUPTCY COURT
By
Deputy Clerk
Dated

| Filing Date | # | Docket Text |
|---|---|---|
| 03/22/2007 | 1 | Chapter 13 Voluntary Petition Fee Amount $274, Filed by James L Hardemon on behalf of Jeffrey Brown Government Proof of Claim due by 9/18/2007. Chapter 13 Plan due by 4/6/2007. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 2 | Chapter 13 Plan Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 3 | Chapter 13 Statement of Current Monthly and Disposable Income Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 4 | Statement of Social Security Number(s) Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 5 | Certificate of Credit Counseling Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 6 | Declaration Re: Electronic Filing Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 03/22/2007) |
| 03/22/2007 | 7 | Receipt of Voluntary Petition (Chapter 13)(07-05127) [misc,volp13a] ( 274.00) Filing Fee. Receipt number 6740229. Fee Amount $ 274.00 (U.S. Treasury) (Entered: 03/22/2007) |
| 03/22/2007 | 8 | First Meeting of Creditors with 341(a) meeting to be held on 05/07/2007 at 01:30 PM at 200 S. |

|  |  | Michigan Avenue, Suite 1300, Chicago, Illinois 60604. Confirmation hearing to be held on 06/18/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. Proof of Claim due by 08/06/2007. Objection to Dischargeability due by 07/06/2007. (Hardemon, James) (Entered: 03/22/2007) |
|---|---|---|
| 03/23/2007 | 9 | Request for Chapter 13 341 Meeting of Creditors . (Keith, Cynthia) (Entered: 03/23/2007) |
| 03/23/2007 | 10 | Notice of Motion and Motion to Extend Automatic Stay Filed by James L Hardemon on behalf of Jeffrey Brown. Hearing scheduled for 4/2/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Exhibit A# 2 Proposed Order) (Hardemon, James) (Entered: 03/23/2007) |
| 03/23/2007 | 11 | BNC Certificate of Service - Meeting of Creditors. (RE: 9 Request for Chapter 13 341 Meeting of Creditors). No. of Notices: 12. Service Date 03/25/2007. (Admin.) (Entered: 03/25/2007) |
| 03/23/2007 | 12 | BNC Certificate of Service - PDF Document. (RE: 2 Chapter 13 Plan). No. of Notices: 15. Service Date 03/25/2007. (Admin.) (Entered: 03/25/2007) |
| 04/02/2007 | 13 | Order Granting Motion to Extend Automatic Stay (Related Doc # 10. Signed on 4/2/2007. (Ramey, Dorothy) (Entered: 04/04/2007) |
| 04/09/2007 | 14 | Amended Schedules : Schedule A and C. Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 04/09/2007) |
| 04/09/2007 | 15 | Chapter 13 Statement of Current Monthly and Disposable Income Filed by James L Hardemon on |

| | | |
|---|---|---|
| | | behalf of Jeffrey Brown. (Hardemon, James) (Entered: 04/09/2007) |
| 04/11/2007 | ●16 | Notice of Motion and Motion to Dismiss Case for Failure to File Required Documents under Section 521(a)(1) Filed by Tom Vaughn Hearing scheduled for 6/18/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 04/11/2007) |
| 04/12/2007 | ●17 | Objection to Confirmation of Plan Filed by Christopher M Brown on behalf of Homecomings Financial Network (RE: 2 Chapter 13 Plan). (Attachments: # 1 Proposed Order)(Brown, Christopher) (Entered: 04/12/2007) |
| 04/12/2007 | ●18 | Notice of Filing Filed by Christopher M Brown on behalf of Homecomings Financial Network (RE: 17 Objection to Confirmation of the Plan). (Brown, Christopher) (Entered: 04/12/2007) |
| 05/02/2007 | ●19 | Notice of Motion and Application for Compensation for James L Hardemon, Debtor's Attorney, Fee: $2500.00, Expenses: $324.00. Filed by James L Hardemon. Hearing scheduled for 6/18/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order Fee Orders) (Hardemon, James) (Entered: 05/02/2007) |
| 05/07/2007 | ●20 | Notice of Motion and Motion to Dismiss Case Failure to Provide Copy of Tax Return or Transcript Filed by Tom Vaughn Hearing scheduled for 6/18/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) |

| | | (Entered: 05/07/2007) |
|---|---|---|
| 05/15/2007 | ◑21 | Notice of Requirement to Complete Course in Financial Management . (Ramey, Dorothy) (Entered: 05/15/2007) |
| 05/15/2007 | ◑22 | BNC Certificate of Service - Notice of Requirement to Complete Course in Financial Management (RE: 21 Notice of Requirement to Complete Course in Financial Management). No. of Notices: 2. Service Date 05/17/2007. (Admin.) (Entered: 05/18/2007) |
| 06/15/2007 | ◑23 | Amended Schedules : Schedule I and J. Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 06/15/2007) |
| 06/18/2007 | ◑24 | Confirmation Hearing Continued . Confirmation hearing to be held on 7/9/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 06/18/2007) |
| 06/18/2007 | ◑25 | Hearing Continued (RE: 19 Compensation WITH Notice of Motion,). Hearing Scheduled for 07/09/2007 at 10:30 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 06/18/2007) |
| 06/18/2007 | ◑27 | Order Withdrawing Motion To Dismiss Case under Section 521(a)(1) (Related Doc # 16). Signed on 6/18/2007. (Ramey, Dorothy) (Entered: 06/20/2007) |
| 06/18/2007 | ◑28 | Order Withdrawing Trustee's Motion To Dismiss Case (Related Doc # 20). Signed on 6/18/2007. (Ramey, Dorothy) (Entered: 06/20/2007) |
| 06/19/2007 | ◑26 | Notice of Motion and Motion to Dismiss Case for Unreasonable Delay Filed by Tom Vaughn Hearing |

|  |  | scheduled for 7/9/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 06/19/2007) |
|---|---|---|
| 07/05/2007 | ●29 | Modified Chapter 13 Plan Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 07/05/2007) |
| 07/09/2007 | ●30 | Confirmation Hearing Continued . Confirmation hearing to be held on 7/23/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 07/09/2007) |
| 07/09/2007 | ●31 | Hearing Continued (RE: 19 Compensation WITH Notice of Motion,). Hearing Scheduled for 07/23/2007 at 10:30 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 07/09/2007) |
| 07/09/2007 | ●32 | Hearing Continued (RE: 26 Dismiss Case,). Hearing Scheduled for 07/23/2007 at 10:30 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 07/09/2007) |
| 07/10/2007 | ●33 | BNC Certificate of Service - PDF Document. (RE: 29 Modified Chapter 13 Plan). No. of Notices: 21. Service Date 07/12/2007. (Admin.) (Entered: 07/13/2007) |
| 07/17/2007 | ●34 | Notice of Motion and Motion for Relief from Stay as to 15624 S Lexington, Harvey IL 60426. Fee Amount $150, Filed by Marc Wagman on behalf of Select Portfolio Servicing. Hearing scheduled for 7/23/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order # 2 Statement |

| | | |
|---|---|---|
| | | Accompanying Relief From Stay) (Wagman, Marc) (Entered: 07/17/2007) |
| 07/17/2007 | 35 | Receipt of Motion for Relief Stay(07-05127) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 7259053. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 07/17/2007) |
| 07/23/2007 | 36 | Hearing Continued (RE: 34 Relief Stay,). Hearing Scheduled for 08/06/2007 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 07/23/2007) |
| 07/23/2007 | 37 | Confirmation Hearing Continued . Confirmation hearing to be held on 8/6/2007 at 10:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Watson, Anthony) (Entered: 07/23/2007) |
| 07/23/2007 | 38 | Hearing Continued (RE: 19 Compensation WITH Notice of Motion,). Hearing Scheduled for 08/06/2007 at 10:30 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 07/23/2007) |
| 07/23/2007 | 39 | Hearing Continued (RE: 26 Dismiss Case,). Hearing Scheduled for 08/06/2007 at 10:30 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 07/23/2007) |
| 08/02/2007 | 40 | Amended Chapter 13 Statement of Current Monthly and Disposable Income Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 08/02/2007) |
| 08/02/2007 | 41 | Modified Chapter 13 Plan Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 08/02/2007) |
| | | |

| | | |
|---|---|---|
| 08/02/2007 | ○42 | Modified Chapter 13 Plan Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 08/02/2007) |
| 08/02/2007 | ○43 | Amended Schedules : Schedule J. Filed by James L Hardemon on behalf of Jeffrey Brown. (Hardemon, James) (Entered: 08/02/2007) |
| 08/03/2007 | ○44 | BNC Certificate of Service - PDF Document. (RE: 41 Modified Chapter 13 Plan). No. of Notices: 25. Service Date 08/05/2007. (Admin.) (Entered: 08/05/2007) |
| 08/03/2007 | ○45 | BNC Certificate of Service - PDF Document. (RE: 42 Modified Chapter 13 Plan). No. of Notices: 25. Service Date 08/05/2007. (Admin.) (Entered: 08/05/2007) |
| 08/06/2007 | ○46 | Order Withdrawing Trustee's Motion To Dismiss Case (Related Doc # 26). Signed on 8/6/2007. (Ramey, Dorothy) (Entered: 08/08/2007) |
| 08/06/2007 | ○47 | Order Relief from Stay if Failure to Comply with Order (RE: 34 Motion for Relief Stay, ). Signed on 8/6/2007 (Ramey, Dorothy) (Entered: 08/08/2007) |
| 08/06/2007 | ○48 | Order Granting Application For Compensation (Related Doc # 19). James L Hardemon, fees awarded: $2500.00, expenses awarded: $324.00. Signed on 8/6/2007. (Ramey, Dorothy) (Entered: 08/09/2007) |
| 08/06/2007 | ○49 | Order Confirming Chapter 13 Plan (RE: 42 Modified Chapter 13 Plan). Signed on 8/6/2007 (Ramey, Dorothy) (Entered: 08/09/2007) |
| 08/10/2007 | ○50 | Notice of Motion and Motion to Allow Costs of Collection Filed by Dana N O'Brien on behalf of |

|  |  |  |
|---|---|---|
|  |  | Select Portfolio Servicing. Hearing scheduled for 8/20/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (O'Brien, Dana) (Entered: 08/10/2007) |
| 08/20/2007 | 51 | Order Granting Motion To Allow Costs of Collection (Related Doc # 50). Signed on 8/20/2007. (Ramey, Dorothy) (Entered: 08/22/2007) |
| 12/03/2007 | 52 | Notice of Motion and Motion for Relief from Stay as to 15624 Lexington Avenue, Harvey, IL. Fee Amount $150, Filed by Jose G Moreno on behalf of HomEq Servicing. Hearing scheduled for 12/10/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Statement Accompanying Relief From Stay # 2 Proposed Order) (Moreno, Jose) (Entered: 12/03/2007) |
| 12/03/2007 | 53 | Receipt of Motion for Relief Stay(07-05127) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 7968413. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 12/03/2007) |
| 12/10/2007 | 54 | Order Granting Motion for Relief from Stay (Related Doc # 52). Signed on 12/10/2007. (Ramey, Dorothy) (Entered: 12/11/2007) |
| 12/11/2007 |  | Remark . The claim of HomQ Servicing as Servicer for Sutton Funding, LLC is withdrawn. (Entered: 12/11/2007) |
| 12/20/2007 | 55 | Notice of Motion and Motion to Vacate (related documents 54 Order on Motion for Relief from Stay) Filed by Jeffrey Brown . Hearing scheduled |

| | | |
|---|---|---|
| | | for 1/15/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Cabrales, Claudia) (Entered: 12/21/2007) |
| 01/14/2008 | ●56 | Notice of Motion and Motion for Relief from Stay as to 15624 Lexington Avenue, Harvey, IL 60426. Fee Amount $150, Filed by James E. Trausch on behalf of HomEq Servicing. Hearing scheduled for 1/28/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Statement Accompanying Relief From Stay # 2 Proposed Order) (Trausch, James) (Entered: 01/14/2008) |
| 01/14/2008 | 57 | Receipt of Motion for Relief Stay(07-05127) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 8157844. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 01/14/2008) |
| 01/15/2008 | ●58 | Amended Notice of Motion Filed by Jeffrey Brown (RE: 55 Motion to Vacate, ). Hearing scheduled for 1/28/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Ramey, Dorothy) (Entered: 01/16/2008) |
| 01/28/2008 | ●59 | Hearing Continued (RE: 56 Relief Stay). Hearing Scheduled for 02/25/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 01/28/2008) |
| 01/28/2008 | ●60 | Hearing Continued (RE: 55 Vacate). Hearing Scheduled for 02/25/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 01/28/2008) |
| 02/25/2008 | ●61 | Order Granting Motion for Relief from Stay (Related Doc # 56). Signed on.2/25/2008. |

| | | (Henderson, LaToya) (Entered: 02/26/2008) |
|---|---|---|
| 02/26/2008 | 62 | Order Denying for the Reasons Stated on the Record Motion To Vacate (Related Doc # 55). Signed on 2/26/2008. (Ramey, Dorothy) (Entered: 02/27/2008) |
| 03/03/2008 | 63 | Notice of Motion and Motion to Dismiss Case for Failure to Make Plan Payments Filed by Tom Vaughn Hearing scheduled for 4/14/2008 at 9:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 03/03/2008) |
| 03/06/2008 | 64 | Notice of Motion and Motion to Vacate (related documents 61 Order on Motion for Relief from Stay) Filed by Jeffrey Brown . Hearing scheduled for 3/31/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Affidavit) (Ross, Demetrius) (Entered: 03/07/2008) |
| 03/06/2008 | 65 | Notice of Motion and Motion for Relief from Judgment or Order (related document(s): 62 Order on Motion to Vacate) Filed by Jeffrey Brown . Hearing scheduled for 3/31/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Affidavit) (Ross, Demetrius) (Entered: 03/07/2008) |
| 03/31/2008 | 66 | Notice of Motion and Motion to Withdraw as Attorney Filed by James L Hardemon on behalf of Jeffrey Brown. Hearing scheduled for 4/21/2008 at 09:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Hardemon, James) (Entered: |

| | | 03/31/2008) |
|---|---|---|
| 03/31/2008 | 67 | Hearing Continued (RE: 64 Vacate). Hearing Scheduled for 04/14/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 03/31/2008) |
| 03/31/2008 | 68 | Hearing Continued (RE: 65 Relief from Judgment or Order). Hearing Scheduled for 04/14/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 03/31/2008) |
| 03/31/2008 | 69 | Amended Notice of Motion Filed by James L Hardemon on behalf of Jeffrey Brown (RE: 66 Motion to Withdraw as Attorney, ). Hearing scheduled for 4/21/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Hardemon, James) (Entered: 03/31/2008) |
| 04/14/2008 | 70 | (E)Order Mooting Motion To Vacate (Related Doc # 64). Signed on 04/14/2008. (Watson, Anthony) (Entered: 04/14/2008) |
| 04/14/2008 | 71 | (E)Order Mooting Motion for Relief from Judgment or Order (Related Doc # 65). Signed on 04/14/2008. (Watson, Anthony) (Entered: 04/14/2008) |
| 04/14/2008 | 72 | Order Granting Motion to Dismiss Case for Failure to Make Plan Payments (Related Doc # 63). Signed on 4/14/2008. (Chavez, Baldo) (Entered: 04/15/2008) |
| 04/15/2008 | 73 | BNC Certificate of Service - Notice of Dismissal (RE: 72 Order on Motion Dismiss Case for Failure to Make Plan Payments). No. of Notices: 12. Service Date 04/17/2008. (Admin.) (Entered: 04/18/2008) |

| 04/21/2008 | ❑74 | (E)Order Mooting (RE: 66 Motion to Withdraw as Attorney, ). Signed on 4/21/2008 (Ross, Demetrius) (Entered: 04/23/2008) |
| 04/23/2008 | | Motions terminated . (Ross, Demetrius) (Entered: 04/23/2008) |
| 04/24/2008 | ❑75 | Notice of Appeal to District Court. Filed by Jeffrey Brown . Fee Amount $255 (RE: 72 Order on Motion Dismiss Case for Failure to Make Plan Payments, 54 Order on Motion for Relief from Stay, [70] Order on Motion to Vacate, [71] Order on Motion for Relief from Judgment or Order). Appellant Designation due by 5/5/2008. Transmission of Record Due by 6/2/2008. (Henderson, LaToya) Modified on 4/24/2008 to correct filed date to 4/24/2008 (Henderson, LaToya). (Entered: 04/24/2008) |
| 04/24/2008 | ❑76 | CORRECTIVE ENTRY to correct filed date to 4/24/2008 (RE: 75 Notice of Appeal, ). (Henderson, LaToya) (Entered: 04/24/2008) |
| 04/25/2008 | ❑77 | Notice of Filing to Bk Judge and Parties on Service List (RE: 75 Notice of Appeal, ). (Henderson, LaToya) (Entered: 04/25/2008) |
| 05/02/2008 | ❑78 | Receipt of Notice of Appeal Fee- $5.00 by AL. Receipt Number 03163669. Payment received from J Brown. (Entered: 05/05/2008) |
| 05/02/2008 | ❑79 | Receipt of Docketing of Appeal Fee- $250.00 by AL. Receipt Number 03163669. Payment received from J Brown. (Entered: 05/05/2008) |
| 05/05/2008 | ❑80 | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Jeffrey Brown . (RE: 75 Notice of Appeal, ). (Henderson, LaToya) (Entered: |

| | | | 05/05/2008) |
|---|---|---|---|

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICTOF ILLINOIS, EASTERN DIVISION

**F I L E D**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 2 4 2008

**KENNETH S. GARDNER, CLERK**
**PS REP. - SW**

In Re:

Jeffrey Brown

         Debtor.

)
)
)
)
)
)
)

No: 07 B 05127

Chapter 13

Judge:  Honorable Jacqueline P. Cox

## NOTICE OF APPEAL

Plaintiff, Jeffrey Brown, hereby appeals under 28 U.S.C. § 158 (a) from the orders of the bankruptcy judge mooting plaintiff's continue motions:

    (l) to reconsider the order of  January 28, 2008 ,  denying his motion to vacate the order of December 10, 2007 modifying the stay.

    (2) to vacate the order of January 28, 2008, modifying the stay

both entered on April 14, 2008 . Also, the order granting motion to dismiss case heard on April 14, 2008 and entered April 15, 2008.

The name of the parties  to the orders appealed from are:

1. HomeQ Servicing Corporation  and the  Attorneys are: (a) Codilis & Associates P.C. 15W030 North Frontage Road, Burr Ridge, IL 60527, and (b) Jaros, Tittle & Otoole,Limited, 20 North Clark Street, Chicago, IL 60602.

2. Tom Vaughn , Chapter 13 Trustee 200 South Michigan, Suite 1300, Chicago, IL 60604.

Dated: 4-23-08

*Jeffrey Brown*

Jeffrey Brown
P.O. Box 1901
Harvey, IL 60426

08CV3230
JUDGE LEINENWEBER
MAG. JUDGE SCHENKIER

07-05127.6 Motion to Dismiss Case for Failure to Make Plan Payments.Proposed Order Entered. 4/3/2008 cv 9.37 FM by: Tom Vaughn Page 1 of 1

RE:   JEFFREY BROWN

                              Debtor

)   Case No. 07 B 05127
)
)   Chapter 13
)
)   Judge: JACQUELINE P COX

## ORDER DISMISSING CASE FOR FAILURE TO MAKE PLAN PAYMENTS

This matter coming before the court on Trustee's Motion to
Dismiss, due notice having been given and the court having heard
the facts presented;

IT IS THEREFORE ORDERED that this case is dismissed on the
trustee's motion for material default by the debtor with respect to
a term of a confirmed plan, pursuant to Section 1307 (c) (6).

APR 1 4 2008

ENTERED:_____    JUDGE_____

TOM VAUGHN
CHAPTER 13 TRUSTEE
200 S MICHIGAN AVE #1300
CHICAGO ILLINOIS  60604·2402
(312) 294-5900

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

|  |  |
|---|---|
| Jeffrey Brown | Case No.: 07 B 05127<br>Chapter: 13 |
| Debtor(s) | Judge Jacqueline P. Cox |

## ORDER MODIFYING THE AUTOMATIC STAY

**THIS CAUSE** coming to be heard on the motion of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC, a secured creditor herein, for relief from the automatic stay, the Court having jurisdiction over the subject matter and due notice having been given; and the Court finding that the mortgage held by said creditor is in default and that the security interest of said creditor is not adequately protected:

**WHEREFORE, IT IS HEREBY ORDERED:**

(1) Creditor's motion is granted and pursuant to 11 U.S.C. Section 362(d), that HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. Section 362(a) by modifying said stay to permit them to pursue their state court remedies as to the property commonly known as 15624 Lexingon Ave, Harvey, IL.

(2) Rule 4001(a)(3) is not applicable and HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC may immediately enforce and implement this order granting relief from the automatic stay.

**NOTICE TO THE STANDING TRUSTEE:** The claim of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC is hereby withdrawn. No further payments are to be disbursed to said creditor on its Proof of Claim.

ENTER:

DATED: __12/10/07__

_J. Cox_    _Jacqueline P. Cox_

UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MAY - 5 2008

**KENNETH S. GARDNER, CLERK**
**PS REP. - MBM**

In Re:                             )
                                   )   No: 07 B 05127
Jeffrey Brown                      )
                                   )   Chapter 13
        Debtor/Appellant.          )
                                   )   Judge:  Jacqueline P. Cox
                                   )

## DESIGNATION OF RECORD ON APPEAL

Here comes Debtor/Appellant, Jeffrey Brown, hereby submit this Designation of

Record on Appeal, and requests the following items to be included in the record of this

appeal:

1. Order Conditioning Stay Docket # 47.

2. Notice of Motion and Motion for Relief from Stay with Required Statement to

Accompany all Motions to Modify Stay, entered 12/03/2007, on behalf of HomQ

Servicing, Docket # 52.

3. Order entered 12/11/2007, granting HomQ Servicing  Motion for Relief from

Stay, Docket #54.

4. Remark (entered 12/11/2007) The claim of HomQ Servicing as Servicer for

Sutton Funding LLC is withdrawn.

5. Notice of Motion and Motion to Vacate Order, entered 12/11/2007, granting

HomQ Servicing Motion for Relied from Stay, Docket # 55.

6. Notice of Motion and Motion for Relief from Stay with Required Statement to

Accompany all Motions to Modify Stay on behalf of HomQ Servicing, entered

1/14/2008, Docket # 56.

7. Amended Notice of Motion and Motion to Vacate Order, entered 12/11/2007,
Granting HomQ Servicing  Motion for Relief from Stay. Docket # 58.

8. Orders continuing hearing to 2/25/2008. Docket # 59 & # 60.

9. Order, entered 2/ 26/08, granting HomQ Servicing Motion for Relied from
Stay. Docket # 61.

10. Order denying Motion ( Docket # 55) to vacate Order, entered 12/11/2007,
granting HomQ Servicing  Motion for Relief from Stay. Docket # 62

11. Notice of Motion and Motion to dismiss case, entered 3/03/2008, Docket # 63.

12. Notice of Motion and Motion to Vacate Order granting HomQ Servicing
Motion For Relief from Stay entered 2/26/2008.  Docket # 64.

13. Notice of Motion and Motion to Reconsider Order denying Motion to Vacate
the Order, entered 12/11/2007, granting HomQ Servicing Motion for Relief from Stay.
Docket # 65.

14. Orders continuing hearing to 4/14/2008. Docket # 67 & # 68.

15. Order, entered 4/14/2008, Mooting Motion to vacate Order entered 2/26/2008.
Docket # 70.

16. Order, signed and entered on 4/14/2008, Mooting Motion to Reconsider Order
denying Motion to Vacate Order, entered 12/11/2007, granting HomQ Servicing Relief
from Stay. Docket # 71.

17. Order signed on 4/14/2008, entered 4/15/2008, Granting Motion to dismiss
case. Docket # 72.

18. Docket Sheet

19. Notice of Appeal

Court transcripts to be transmitted

WHEREFORE, Debtor/Appellant, requests that these matters be included in the

record of this appeal.

Respectfully  submitted,

Jeffrey Brown

P.O. Box 1901

Harvey, IL 60426

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true copy of the foregoing Designation of Record on Appeal was forward to: (a) Codilis & Associates P.C., 15W030 North Frontage Road, Burr Ridge, IL 60527; (b) Jaros, Tittle & Otoole Limited, 20 North Clark Street, Chicago, IL 60602; and (c) Tom Vaughn, Chapter 13 Trustee, 200 South Michigan, Chicago, IL 60604, on the __5__ day of __May__ 2008.

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICTOF ILLINOIS, EASTERN DIVISION

In Re:                              )
                                    )    No: 07 B 05127
    Jeffrey Brown                   )
                                    )    Chapter 13
        Debtor/Appellant.          )
                                    )    Judge:  Jacqueline P. Cox
                                    )

### RECORD ON APPEAL

Here comes Debtor/Appellant, Jeffrey Brown, hereby submit this list of copies and

Information of items in the Record of Appeal.

1.  Order Conditioning Stay Docket # 47.

2.  Notice of Motion and Motion for Relief from Stay with Required Statement to

Accompany all Motions to Modify Stay, entered 12/03/2007, on behalf of HomQ

Servicing, Docket # 52.

3.  Order entered 12/11/2007,granting HomQ Servicing  Motion for Relief from

Stay, Docket #54.

4.  Remark (entered 12/11/2007) The claim of HomQ Servicing as Servicer for

Sutton Funding LLC is withdrawn.

5.  Notice of Motion and Motion to Vacate Order, entered 12/11/2007, granting

HomQ Servicing Motion for Relied from Stay, Docket # 55.

6.  Notice of Motion and Motion for Relief from Stay with Required Statement to

Accompany all Motions to Modify Stay on behalf of HomQ Servicing, entered

1/14/2008, Docket # 56.

7.  Amended Notice of Motion and Motion to Vacate Order, entered 12/11/2007,

Granting HomQ Servicing Motion for Relief from Stay. Docket # 58.

8.  Orders continuing hearing to 2/25/2008. Docket # 59 & # 60.

9.  Order, entered 2/26/08, granting HomQ Servicing Motion for Relied from Stay. Docket # 61.

10. Order denying Motion ( Docket # 55) to vacate Order, entered 12/11/2007, granting HomQ Servicing Motion for Relief from Stay. Docket # 62

11. Notice of Motion and Motion to dismiss case, entered 3/03/2008, Docket # 63.

12. Notice of Motion and Motion to Vacate Order granting HomQ Servicing Motion For Relief from Stay entered 2/26/2008. Docket # 64.

13. Notice of Motion and Motion to Reconsider Order denying Motion to Vacate the Order, entered 12/11/2007, granting HomQ Servicing Motion for Relief from Stay. Docket # 65.

14. Orders continuing hearing to 4/14/2008. Docket # 67 & # 68.

15. Order, entered 4/14/2008, Mooting Motion to vacate Order entered 2/26/2008. Docket # 70, was an (E) Order, therefore could not get a copy.

16. Order, signed and entered on 4/14/2008, Mooting Motion to Reconsider Order denying Motion to Vacate Order, entered 12/11/2007, granting HomQ Servicing Relief from Stay. Docket # 71. Couldn't get a copy was told that it was an (E) Order.

17. Order signed on 4/14/2008, entered 4/15/2008, Granting Motion to dismiss case. Docket # 72.

18. Docket Sheet

19. Notice of Appeal

29. Transcripts: December 10, 2007,  February 25, 2008, April 14, 2008

Respectfully submitted,

Jeffrey Brown

P.O. Box 1901

Harvey, IL 60426

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF

JEFFREY BROWN,

DEBTOR

IN PROCEEDINGS
UNDER CHAPTER 13

NO. 07-05127
JUDGE: Cox

## ORDER CONDITIONING STAY

THIS CAUSE coming to be heard on the motion of Movant, Select Portfolio Servicing, LLC, through its attorneys Fisher and Shapiro, LLC, to modify stay, the Court being fully advised;

IT IS ORDERED:

1.   Debtor shall cure the post-petition default through July 1, 2007 and reimburse attorneys' fees and costs for the motion by payment as follows:

- A.   August 20, 2007     $336.97
- B.   September 20, 2007      $336.97
- C.   October 20, 2007     $336.97
- D.   November 20, 2007 $336.97
- E.   December 20, 2007 $336.97
- F.   January 20, 2008     $336.97

**    That all payments made pursuant to this Order shall be applied first to reimburse Select Portfolio Servicing, LLC for attorneys' fees of $500.00 and costs of $150.00 incurred in connection with this motion, a related motion or a related objection to confirmation. All further payments will be applied in the manner prescribed by the subject note and mortgage.

If Debtor fails to comply with the payment schedule above, then the provisions of paragraph 3, shall apply. These payments are to be made in addition to any other payments required under the Debtor's plan.

2.   Until such time as the payments set forth in paragraph 1 are paid in full, if Debtor fails to pay the post-petition mortgage payment such that two payments are due and unpaid, then the provisions of paragraph 3 shall apply.

3.   If Debtor fails to comply with the terms of paragraphs 1 or 2 then the Stay shall be modified, without further order of court, so as to allow Movant to proceed with foreclosure, eviction, or any other action to preserve and enforce its rights with regard to

1

the property commonly known as 15624 S Lexington, Harvey, IL 60426, PROVIDED that written notice of default is served on the Debtor, Debtor's Attorney, and the Chapter 13 Trustee. The Stay shall be modified upon the issuance of the notice of default unless paragraph 4 allows for cure in which case the Stay is modified upon the expiration of the cure term if Debtor fails to cure.

4.     If Debtor cures by payment of the amount specified in the notice of default, which may include attorneys' fees not to exceed $100.00 incurred for the issuance of the notice of default, within 15 days of the mailing of the notice of default. In order to cure, funds must be paid in the form of certified check, money order or cashier's check payable to Movant and tendered at the offices of Fisher and Shapiro, LLC at the address below. After no such cures, the 15 day period may not be used as a grace period in which to cure defaults.

5.     This order shall terminate upon the Debtor's payment of all sums due and owing pursuant to the provisions of this Order.

*Jacqueline P. Cox*

Dated:_____8/6/07_____

Entered:_____J.P. Cox_____
Bankruptcy Judge

Richard B. Aronow ARDC# 03123969
Christopher A. Cieniawa ARDC# 06187452
Michael J. Kalkowski ARDC# 06185654
Josephine J. Miceli ARDC# 06243494
Marc G. Wagman ARDC# 06282192
Fisher and Shapiro, LLC
4201 Lake Cook Rd
Northbrook, IL 60062-1060
(847)291-1717
Attorneys for Movant
07-2852D

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

Jeffrey Brown

Case No.: 07 B 05127
Chapter: 13
Hearing Date: 12/10/07

Debtor(s) | Judge Jacqueline P. Cox

### NOTICE OF MOTION

TO:  Tom Vaughn, Chapter 13 Trustee, 200 South Michigan, Suite 1300, Chicago, IL 60604 by electronic notice through ECF
Jeffrey Brown, Debtor(s), 15840 S. Marshfield, Harvey, IL 60426
James Hardemon, Attorney for Debtor(s), 8527 S Stoney Island, Chicago,, IL 60617 by electronic notice through ECF

PLEASE TAKE NOTICE that on the 12/10/07, at 9:00am, or as soon thereafter as counsel may be heard, I shall appear before the Honorable Judge Jacqueline P. Cox, Bankruptcy Judge, in the courtroom usually occupied by him/her at the Everett McKinley Dirksen Building, 219 South Dearborn, Chicago, Illinois, room 619, or before any other Bankruptcy Judge who may be sitting in his/her place and stead, and shall then and there present this Motion of the undersigned, a copy of which is attached hereto and herewith served upon you, and shall pray for the entry of an Order in compliance therewith, at which time you may appear if you so desire.

### PROOF OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed above, as to the Trustee and Debtor's attorney via electronic notice on December 3, 2007 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on December 3, 2007.

/s/ Jose Moreno
Attorney for Creditor

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that I have served a copy of this Notice along with the attached Motion upon the parties listed below, as to the Trustee and Debtor's attorney via electronic notice on December 3, 2007 and as to the debtor by causing same to be mailed in a properly addressed envelope, postage prepaid, from 7140 Monroe Street, Willowbrook, IL 60527 before the hour of 5:00 PM on December 3, 2007.

Tom Vaughn, Chapter 13 Trustee, 200 South Michigan, Suite 1300, Chicago, IL 60604 by electronic notice through ECF
Jeffrey Brown, Debtor(s), 15840 S. Marshfield, Harvey, IL 60426
James Hardemon, Attorney for Debtor(s), 8527 S Stoney Island, Chicago,, IL 60617 by electronic notice through ECF

/s/ Jose Moreno
Attorney for Creditor

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

|  |  |
|---|---|
| Jeffrey Brown | Case No.: 07 B 05127<br>Chapter: 13<br>Hearing Date: 12/10/07 |
| Debtor(s) | Judge Jacqueline P. Cox |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**NOW COMES** HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC, (hereinafter "Creditor"), by and through its attorneys, Codilis & Associates, P.C., and moves this Honorable Court pursuant to 11 U.S.C. §362(d) for an Order granting Creditor relief from the automatic stay , and in support thereof states as follows:

1.     This Court has jurisdiction pursuant to 28 U.S.C. §1334 and General Rule 2.33 of the United States District Court for the Northern District of Illinois;

2.     The Debtor is indebted to Creditor or servicer for which the movant claims a valid security interest in the property commonly known as 15624 Lexingon Ave, Harvey, IL;

3.     Enforcement of this security interest has been stayed automatically by operation of 11 U.S.C. §362 of the Bankruptcy Code upon Debtor filing of this petition on 3/22/07;

4.     The Chapter 13 plan herein provides for the cure of the default of said mortgage and maintenance of current payments during the pendency of the proceeding;

5.     Pursuant to the plan, Debtor(s) is/are to disburse the current monthly mortgage payments directly to creditor beginning with the first payment due after the filing of the Chapter 13 Bankruptcy (subject to periodic adjustment due to change in escrow);

6.      Creditor is entitled to relief from the automatic stay under 11 U.S.C. Section 362(d) for the following reasons:

    a)      The Debtor(s) is/are past due for the 10/1/07 and all amounts coming due since that date;

    b)      The total post-petition default through and including 12/1/07 is $1,228.49. This amount includes 2 late charges at $10.21 each, plus post-petition attorney fees and costs in the amount of $650.00;

7.      Said failure to make post-petition mortgage payments is sufficient grounds for relief from the automatic stay for cause pursuant to 11 U.S.C. Section 362(d)(1);

8.      This Court has authority to order that Rule 4001(a)(3) is not applicable to the order entered in granting this motion, and Creditor requests this Court so order;

**WHEREFORE,** HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC prays this Court enter an Order pursuant to 11 U.S.C. Section 362(d) modifying the automatic stay as to Creditor, approving its post-petition fees and costs incurred, and for such other and further relief as this Court may deem just and proper.

Dated this December 3, 2007.

Respectfully Submitted,

Codilis & Associates, P.C.

By:   /s/ Jose Moreno

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

NOTE: Pursuant to the Fair Debt Collection Practices Act you are advised that this law firm is deemed to be a debt collector attempting to collect a debt and any information obtained will be used for that purpose.

# REQUIRED STATEMENT TO ACCOMPANY
## ALL MOTIONS TO MODIFY STAY

All Cases:  Debtor(s) _Jeffrey Brown___    Case No. _07 B 05127___  Chapter _13_

All Cases:  Moving Creditor  HOMEQ SERVICING AS SERVICER FOR
SUTTON FUNDING, LLC            Date Case Filed _3/22/07_

Nature of Relief Sought: _X_ Lift Stay  ___ Annul Stay  ___ Other (describe) _____

Chapter 13:  Date of Confirmation Hearing _____ or Date Plan Confirmed 08/06/07

1.     Collateral
       a.     _X_     Home
       b.     ___     Car   Year, Make and Model _____
       c.     ___     Other (describe) _____

2.     Balance Owed as of Petition Date: _$27,486.32_
       Total of all other Liens against Collateral: _____

3.     Estimated Value of Collateral (must be supplied if motion alleges no equity) $115,000.00, per Debtor's
Schedules.

4.     Default
       a.     ___     Pre-Petition Default
               Number of months _____ Amount _$3,496.18_

       b.     ___     Post-Petition Default
               i.     ___     On direct payments to the moving creditor
                       Number of months _3_            Amount _$1,228.49_

               ii.    ___     On payments to the Standing Chapter 13 Trustee
                       Number of months _____         Amount

5.     Other Allegations
       a.     _X_     Lack of Adequate Protection § 362(d)(1)
               i.     ___     No insurance
               ii.    ___     Taxes unpaid            Amount $_____
               iii.   ___     Rapidly depreciating asset
               iv.    _X_     Other

       b.     ___     No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

       c.     ___     Other "Cause" § 362(d)(1)
               i.     ___     Bad Faith (describe) _____
               ii.    ___     Multiple Filings
               iii.   ___     Other (describe) _____
       d.     Debtor's Statement of Intention regarding the Collateral
               i.     ___     Reaffirm          ii.    ___    Redeem
               iii.   ___     Surrender         iv.    _X_    No Statement of Intention Filed

Date:  _12/3/2007_

                                        _/s/ Jose Moreno_
                                        Counsel for Movant

## UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

IN RE:

Jeffrey Brown

Case No.: 07 B 05127
Chapter: 13

Debtor(s) | Judge Jacqueline P. Cox

---

## ORDER MODIFYING THE AUTOMATIC STAY

---

**THIS CAUSE** coming to be heard on the motion of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC, a secured creditor herein, for relief from the automatic stay, the Court having jurisdiction over the subject matter and due notice having been given; and the Court finding that the mortgage held by said creditor is in default and that the security interest of said creditor is not adequately protected:

**WHEREFORE, IT IS HEREBY ORDERED:**

(1)  Creditor's motion is granted and pursuant to 11 U.S.C. Section 362(d), that HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. Section 362(a) by modifying said stay to permit them to pursue their state court remedies as to the property commonly known as 15624 Lexingon Ave, Harvey, IL.

(2)  Rule 4001(a)(3) is not applicable and HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC may immediately enforce and implement this order granting relief from the automatic stay.

**NOTICE TO THE STANDING TRUSTEE:** The claim of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC is hereby withdrawn. No further payments are to be disbursed to said creditor on its Proof of Claim.

ENTER:

DATED:_____

_____
UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

**NAME OF PRESIDING JUDGE,** Judge Jacqueline P. Cox

**Case No.**    07 B 05127                              **Date**    12/10/07

**Title of Cause**            Jeffrey Brown, Debtor(s).

**Brief Statement**
**of Motion**                 Motion of HOMEQ SERVICING AS SERVICER FOR SUTTON
                             FUNDING, LLC to obtain Relief from the Automatic Stay

**Names and**                Codilis & Associates, P.C.,
**Addresses of**             15W030 North Frontage Road, Suite 100
**moving counsel**           Burr Ridge, IL 60527

**Representing**             HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING,
                             LLC

**Names and**                Tom Vaughn, Chapter 13 Trustee,
**Addresses of**             200 South Michigan, Suite 1300
**other counsel**            Chicago, IL 60604
**entitled to**
**notice and names**         James Hardemon, Attorney for Debtor(s),
**of parties they**          8527 S Stoney Island
**represent.**               Chicago,, IL 60617

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

IN RE:

| | |
|---|---|
| Jeffrey Brown | Case No.: 07 B 05127 |
| | Chapter: 13 |
| Debtor(s) | Judge Jacqueline P. Cox |

---

## ORDER MODIFYING THE AUTOMATIC STAY

**THIS CAUSE** coming to be heard on the motion of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC, a secured creditor herein, for relief from the automatic stay, the Court having jurisdiction over the subject matter and due notice having been given; and the Court finding that the mortgage held by said creditor is in default and that the security interest of said creditor is not adequately protected:

**WHEREFORE, IT IS HEREBY ORDERED:**

(1) Creditor's motion is granted and pursuant to 11 U.S.C. Section 362(d), that HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC its principals, agents, successors and/or assigns is granted relief from the automatic stay provisions of 11 U.S.C. Section 362(a) by modifying said stay to permit them to pursue their state court remedies as to the property commonly known as 15624 Lexington Ave, Harvey, IL.

(2) Rule 4001(a)(3) is not applicable and HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC may immediately enforce and implement this order granting relief from the automatic stay.

**NOTICE TO THE STANDING TRUSTEE:** The claim of HOMEQ SERVICING AS SERVICER FOR SUTTON FUNDING, LLC is hereby withdrawn. No further payments are to be disbursed to said creditor on its Proof of Claim.

ENTER:

*Jacqueline P. Cox*

J. Cox

DATED: 12/10/07

UNITED STATES BANKRUPTCY JUDGE

Berton J. Maley ARDC#6209399
Gloria C. Tsotsos ARDC# 6274279
Jose G. Moreno ARDC#6229900
Rachael A. Stokas ARDC#6276349
Peter C. Bastianen ARDC#6244346
Joel P. Fonferko ARDC#6276490
**Codilis & Associates, P.C.**
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527
(630) 794-5300
**C&A FILE (14-07-S713)**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                              )
                                    )   No: 07 B 05127
    Jeffrey Brown                   )
                                    )   Chapter 13
                Debtor.             )
                                    )   Judge:  Honorable Jacqueline P. Cox
                                    )


### notice of motion


To: Codilis & Associates, P.C.
    15W030 North Frontage Road, Suite 100,  Burr Ridge, IL 60527
    Tom Vaughn , Chapter 13, Trustee, 299 South Michigan, Suite 1300, Chicago, IL
    60404.


   Please take notice that on _1-15-2008_ at _9.00 am_ I shall appear before
Honorable Jude Jacqueline P. Cox in, room 619, at the Dirksen building, 219  South
Dearborn, Chicago, IL and present the attached motion to vacate the Order of December
10, 2007.



Jeffrey Brown
15840 marshfield
Harvey, IL 60426


FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
DEC 20 2007
KENNETH S. GARDNER, CLERK
PB REP. - RO

## CERTIFICATION OF SERVICE

I hereby, certify that a copy of this notice alone with the attached motion was caused to be served upon the names  listed by placing a copy with correct  postage at the U.S. Postal Service before 7: 00 p.m. on December 20, 2007.

Codilis & Associates P.C. 15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527

Tom Vaughn, Chapter 13, 200 S Michigan , Suite 1300, Chicago, IL 60604

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
DEC. 2 0 2007

KENNETH S. GARDNER, CLERK
PS REP. - RD

In Re:        )

                 )    No: 07 B 05127

Jeffrey Brown     )

                 )    Chapter 13

      Debtor.     )

                 )    Judge: Honorable Jacqueline P. Cox

                 )

## MOTION

Here comes Debtor motioning this Court to vacate the Order of December 10, 2007, modifying the stay for the following reasons

1. Creditor's Attorney Moreno, in fact, knew Debtor had paid the October, 2007, post petition payment. Yet, he filed the motion to modify the stay alleging that it had not been paid.

2. Debtor had no previous knowledge of the filing of the motion by Attorney Moreno, or court date until after the order of December 10, 2007, therefore he was deprived of his right to answer, appear and defend.

3. Creditor's Attorney included his fee of $650.00 in the allege post petition default to total $1,228.49. as so alleged. For default. The Chapter 13 allows for Debtor's post petition payments to be for his mortgage payments.

4. Creditor's Attorney motion was without merit and should not have been filed. The filing of the motion was willful and a mean to scam Debtor out of his money and property by relying on this Court that's why Attorney Moreno is in a hurry; motioning not to wait 10 days after the order trying to not allow debtor to have his day in court. He know that Debtor can prove that October was paid which makes his motion not true.

5. The Order of December 10, 2007, as it stand will bring harm beyond repair

to Debtor. WHEREFORE , Debtor Prays that this Court will vacate the December 10,

2007, Order.

Respectfully submitted,

Jeffrey Brown

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF:          )   IN A BANKRUPTCY PROCEEDING
                            )   UNDER 11 USC CHAPTER 13
**JEFFREY BROWN**       )   **NO.07B05127**
                            )   JUDGE Cox
                            )
             Debtor   )

## NOTICE OF MOTION

TO:   see attached service list

Please take notice that on **28th day of January, 2008 at 9:00 a.m.**, or as soon thereafter as I may be heard, I shall appear before the **Honorable Judge Cox in Room 619 at 219 S. Dearborn St., Chicago, IL 60604,** or before any other Bankruptcy Judge who may be presiding in his place and stead and shall then and there present the accompanying motion. At that time and place you may attend if you so choose.

                                      /s/ James E. Trausch
                                           One of Its Attorneys

### CERTIFICATE OF SERVICE

    The undersigned certifies that on the 14th day of January, 2008, a copy of the foregoing document, Motion, was served upon the parties listed above either electronically or by first class mail, postage prepaid.

               /s/ Ann Talty

SUBSCRIBED and SWORN to
before me this 14th day
of January, 2008
 /s/ Mayra Valencia
NOTARY PUBLIC

**Service List**

William T. Neary                                (Via Electronic Notification)
Office of the U.S. Trustee, Region 11
227 W. Monroe St.
Suite #3350
Chicago, IL 60606


Tom Vaughn                                      (Via Electronic Notification)
200 South Michigan
Suite #1300
Chicago, IL 60604


James L. Hardemon                          (Via Electronic Notification and Regular Mail)
8527 S. Stony Island
Chicago, IL 60617


Jeffrey Brown                             (Via Regular Mail)
15840 S. Marshfield
Harvey, IL 60426

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF:                )        IN A BANKRUPTCY PROCEEDING
                                 )        UNDER 11 USC CHAPTER 13
**JEFFREY BROWN**                )        **NO.07B05127**
                                 )        JUDGE Cox
                                 )
                      Debtor     )

MOTION TO MODIFY
THE AUTOMATIC STAY

NOW COMES MERS ON BEHALF OF HOMEQ SERVICING CORPORATION,
(herein after as HOMEQ SERVICING CORPORATION), (Creditor) a corporation organized
under the laws of the United States of America, having its principal office in the City of North
Highlands and state of California and states as follows:

1.  Creditor was the owner and holder of a mortgage for the property located at 15624
Lexington Avenue, Harvey, IL 60426 mortgage being described as follows:

(a)  Date of Mortgage:

     August 22, 2005

(b)  Name of names of mortgagor or mortgagors:

     Jeffrey W> Brown

(c)  Name of Mortgagee, Trustee, or grantee in mortgage:

     "Mers"

(d)  Date of identification of recording or registration

     Date: N/A        Document No. N/A

(e)  Estate Conveyed:

     Fee Simple Title conveyed or security:

(f) Amount of original indebtedness:
$92,000.00

2. Pursuant to the terms of the note and mortgage a foreclosure action was approved against the aforementioned property, due to a default on the monthly payments.

3. Upon the filing of the above captioned Chapter 13 petition, an Automatic Stay took effect, restraining this Creditor from proceeding with a foreclosure action on March 22, 2007.

4. At the time of filing for relief under 11 USC Chapter 13, the arrearage on the aforementioned note and mortgage was $17,551.39.

5. Since the debtor(s) has filed for relief 10 payments monthly mortgage payments have become due and owing.

6. Since filing for relief under 11 USC Chapter 13, the debtor has fallen 7 payment in arrears on the post-petition debt, for a total of $6,154.77 through January, 2008, plus attorneys' fees and costs of $600.00 for a total of $6,754.77.

7. At the present time the current principal balance on the aforementioned note and mortgage is $91,327.69..

8. Creditor further represents that the debtors arrearage is continuing and unabated.

WHEREFORE, HOMEQ SERVICING CORPORATION moves this Honorable Court to:

I. modify the automatic stay, and

direct the Trustee in Bankruptcy to abandon all right, title and interest in the aforementioned property,

II.    to waive Rule 4001 (a) (3).

III.    for any further relief this court deems fit.

Respectfully Submitted,

_____/s/James E. Trausch_____

By:  James E. Trausch
of Jaros,Tittle & O'Toole, Limited
Attorneys for the Plaintiff

JAROS, TITTLE & O'TOOLE, LIMITED
20 North Clark Street
Suite #510
Chicago, Illinois 60602
(312) 750-1000
Our file #08-32204

## REQUIRED STATEMENT TO ACCOMPANY
## ALL MOTIONS FOR RELIEF FROM STAY

All Cases: Debtor(s) _____ **JEFFREY BROWN** _____ Case No. __07B05127__ Chapter __13__

All Cases: Moving Creditor __ **HOMEQ SERVICING CORPORATION** __ Date Case Filed ___ 3/22/07 __

Nature of Relief Sought: ☑ Lift Stay     ☐ Annul Stay   ☐ Other (describe) _____

Chapter 13: Date of Confirmation Hearing _____ 6/18/07 _____ or Date Plan Confirmed _____ 8/6/07 __

Chapter 7: ☐ No-Asset Report Filed on _____
          ☐ No-Asset Report not Filed, Date of Creditors Meeting _____

1.  Collateral
    a.   ☑ Home
    b.   ☐ Car  Year, Make, and Model _____
    c.   ☐ Other (describe) _____

2.  Balance Owed as of Petition Date  $ 91,327.69 _____
    Total of all other Liens against Collateral $ 115,670.51 _____

3.  Estimated Value of Collateral (*must* be supplied if motion alleges no equity) $ _____

4.  Default
    a.   ☑ Pre-Petition Default
         Number of months __20__     Amount $ 17,551.39 _____

    b.   ☑ Post-Petition Default
         i.   ☑ On direct payments to the moving creditor
              Number of months __7__     Amount $ 6,754.77 _____

         ii.  ☐ On payments to the Standing Chapter 13 Trustee
              Number of months _____     Amount $ _____

5.  Other Allegations
    a.   ☐ Lack of Adequate Protection  § 362(d)(1)
         i.    ☐ No insurance
         ii.   ☐ Taxes unpaid     Amount $ _____
         iii.  ☐ Rapidly depreciating asset
         iv.   ☐ Other (describe) _____

    b.   ☐ No Equity and not Necessary for an Effective Reorganization § 362(d)(2)

    c.   ☐ Other "Cause" § 362(d)(1)
         i.    ☐ Bad Faith (describe) _____
         ii.   ☐ Multiple Filings _____
         iii.  ☐ Other (describe) _____

    d.   Debtor's Statement of Intention regarding the Collateral
         i.    ☐ Reaffirm          ii.  ☐ Redeem
         iii.  ☐ Surrender         iv.  ☐ No Statement of Intention Filed

Date: _____ 1/14/08 _____          _____ /S/ JAMES E. TRAUSCH _____
                                                Counsel for Movant

(Rev. 6/25/07)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF:                )      IN A BANKRUPTCY PROCEEDING
                                 )      UNDER 11 USC CHAPTER 13
**JEFFREY BROWN**                )      **NO.07B05127**
                                 )      JUDGE  Cox
                                 )
                        Debtor   )

## ORDER MODIFYING AUTOMATIC STAY

AT CHICAGO, ILLINOIS THIS _____ DAY OF _____, 2008.

**THIS MATTER** coming to be heard upon the Motion of HOMEQ SERVICING CORPORATION, mortgagee and creditor in this cause, due notice having been served and the Court being fully advised,

**IT IS ORDERED** that the Automatic Stay heretofore entered against HOMEQ SERVICING CORPORATION, as mortgagee be and the same is hereby modified as to said HOMEQ SERVICING CORPORATION and leave is hereby given to said HOMEQ SERVICING CORPORATION, its successors and assigns to foreclose its mortgage recorded against the property commonly known as 15624 Lexington Avenue, Harvey, IL 60426.

**IT IS FURTHER ORDERED** that any and all claims, stipulations, or special mortgage orders filed on behalf of HOMEQ SERVICING CORPORATION, with said trustee are hereby withdrawn.

**IT IS FINALLY ORDERED** THAT Rule 4001 (a) (3) is waived.

ENTER: _____
                    JUDGE

JAROS, TITTLE & O'TOOLE, LIMITED
20 North Clark Street
Suite #510
Chicago, Illinois 60602
(312) 750-1000
Our file #08-32204

UNITED STATRS BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

In Re: )
 )  No: 07 B 05127
Jeffrey Brown )
 )  Chapter 13
 Debtor )
 )  Judge:  Honorable Jacqueline P. Cox
 )

Re- Notice of Motion

To:

Codilis & Associates, P.C, 15W030 North Frontage Road, Suite 100, Burr Ridge, IL
60527.
Tom Vaughn, Chapter 13 Trustee, 200 South Michigan, Suite 300, Chicago, IL
60604.
Attorney James L Hardemon, Legal Remedies, 8527 S. Stony Island, Chicago, IL
60617.

Please take notice that on January 28, 2008, at 9:00 a.n. I shall appear before
Honorable Judge Jacqueline P. Cox in room 619 at the Dirksen Building, 219 South
Dearborn, Chicago, IL and present the attached motion to vacate the Order of December
10, 2007.

Jeffrey Brown
Jeffrey Brown
15840 Marshfield
Harvey, IL 60426

FILED
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

JAN 1 5 2008

KENNETH S. GARDNER, CLERK
UNITED STATES BANKRUPTCY COURT
BY

07-05127:58.2:Motion for Relief Stay-Proposed Order Entered 11/14/2008 3:42:15 PM Any (and) Transact Page U M T
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN THE MATTER OF:       )    IN A BANKRUPTCY PROCEEDING
                               )    UNDER 11 USC CHAPTER 13

  **JEFFREY BROWN**        )    NO.07B05127
                               )    JUDGE Cox
                               )
            Debtor    )

## ORDER MODIFYING AUTOMATIC STAY

AT CHICAGO, ILLINOIS THIS _____ DAY OF _____, 2008.

**THIS MATTER** coming to be heard upon the Motion of HOMEQ SERVICING
CORPORATION, mortgagee and creditor in this cause, due notice having been served and the
Court being fully advised,

**IT IS ORDERED** that the Automatic Stay heretofore entered against HOMEQ
SERVICING CORPORATION, as mortgagee be and the same is hereby modified as to said
HOMEQ SERVICING CORPORATION and leave is hereby given to said HOMEQ
SERVICING CORPORATION, its successors and assigns to foreclose its mortgage recorded
against the property commonly known as 15624 Lexington Avenue, Harvey, IL 60426.

**IT IS FURTHER ORDERED** that any and all claims, stipulations, or special
mortgage orders filed on behalf of HOMEQ SERVICING CORPORATION, with said
trustee are hereby withdrawn.

~~IT IS FINALLY ORDERED THAT Rule 4001 (a) (3) is waived.~~

ENTER: _____
               JUDGE

                        FEB 25 2008

JAROS, TITTLE & O'TOOLE, LIMITED
20 North Clark Street
Suite #510
Chicago, Illinois 60602
(312) 750-1000
Our file #08-32204

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Honorable    JACQUELINE P. COX

Hearing Date ~~January~~ *Feb.* 25, 2008  *aka*

Bankruptcy Case No.    07 B 05127

Adversary No.

Title of Case    Jeffrey Brown

Brief
Statement of
Motion

Debtor's motion to vacate order dated December 10, 2007 modifying the stay

Names and
Addresses of
moving counsel

Representing

## ORDER

Motion is denied for the reasons stated on the record.

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RE:   JEFFREY BROWN

|  |  |
|---|---|
| | )   Case No.   07 B 05127 |
| | ) |
| | )   Chapter 13 |
| Debtor | ) |
| | )   Judge:   JACQUELINE P COX |

## NOTICE OF MOTION

JEFFREY BROWN

15840 S MARSHFIELD
HARVEY IL

LEGAL REMEDIES CHARTERED
8527 S STONY ISLAND
CHICAGO IL

60426                                                          60617-2247

Please take notice that on the 14th day of April 2008       at  9:00 AM I or
my designee will appear before the Honorable Judge JACQUELINE P COX
in COURTROOM 619, 219 S DEARBORN ST, CHICAGO ILLINOIS,
and present the motion set forth below.

I certify that this office caused a copy of this notice to be delivered
to the above listed parties by depositing it in the U.S. Mail at 200 S.
Michigan Ave., Chgo., IL on March 3, 2008          .


/s/  Tom Vaughn


## TRUSTEE'S MOTION TO DISMISS FOR FAILURE TO MAKE PLAN PAYMENTS

Now comes Tom Vaughn, Trustee in the above entitled case and moves the
Court to dismiss this case in support thereof states:

1.   On March 22, 2007      the debtor filed a petition and plan under
     Chapter 13 of Title 11 U.S.C.

2.   The debtor's plan was confirmed on August 6, 2007      .

     A summary of the debtor's plan follows:

     Monthly Payment    $    606.00     Last Payment Received November 27, 2007

     Amount Paid        $  3,864.00     Amount Delinquent $  2,577.00


WHEREFORE, the Trustee prays that this case be dismissed for material default
by the debtor with respect to the term of a confirmed plan, pursuant to
Section 1307 (c) (6).

Respectfully submitted,


/s/   Tom Vaughn

UNITED STATES BANKRUPTCY COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RE:   JEFFREY BROWN                              )   Case No. 07 B 05127
                                                 )
                                                 )   Chapter 13
                                      Debtor     )
                                                 )   Judge: JACQUELINE P COX

### ORDER DISMISSING CASE FOR FAILURE TO MAKE PLAN PAYMENTS

This matter coming before the court on Trustee's Motion to

Dismiss, due notice having been given and the court having heard

the facts presented;

IT IS THEREFORE ORDERED that this case is dismissed on the

trustee's motion for material default by the debtor with respect to

a term of a confirmed plan, pursuant to Section 1307 (c) (6).


ENTERED:_____   JUDGE_____


TOM VAUGHN
CHAPTER 13 TRUSTEE
200 S MICHIGAN AVE #1300
CHICAGO ILLINOIS  60604-2402
(312) 294-5900

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                              )
                                    )    No: 07 B 05127
Jeffrey Brown                       )
                                    )    Chapter 13
        Debtor.                     )
                                    )    Judge:  Honorable Jacqueline P. Cox
                                    )

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
MAR 06 2008
KENNETH S. GARDNER, CLERK
P.C. HER. - SW

### notice of motion

To:

Jaros, Tittle & Otoole, Limioted, 20 North Clark Street, Chicago, IL 60602.
Tom Vaughn , Chapter 13, Trustee, 200 South Michigan, Suite 1300, Chicago, IL 60404.
James L. Hardemon, 8527 S. Stony Island, Chicago, IL 60617.

Please take notice that on *March 31, 2008* at *9:00 am* I shall appear before Honorable Judge Jacqueline P. Cox in, room 619, at the Dirksen building, 219 South Dearborn, Chicago, IL and present the attached motion with Affidavit to Vacate the Order of January 28, 2008.


Jeffrey Brown
*Jeffrey Brown*
15840 marshfield
Harvey, IL 60426

## CERTIFICATION OF SERVICE

I hereby, certify that a copy of this notice alone with the attached motion was caused to be served upon the names listed by placing a copy with correct postage at the U.S. Postal Service before 7: 00 p.m. on March 6, 2007.

Tom Vaughn, Chapter 13, 200 S Michigan , Suite 1300, Chicago, IL 60604.

James L. Hardemon, 8527 S. Stony Island, Chicago, IL 60617.

Jaros, Tittle & Otoole, Limited, 20 North Clark Street, Suite 510, Chicago, IL 60602

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 06 2008

KENNETH S. GARDNER, CLERK
PS REP. - SW

| | |
|---|---|
| In Re: | ) |
| | ) No: 07 B 05127 |
| Jeffrey Brown | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) |
| | ) Judge:  Honorable Jacqueline P. Cox |
| | ) |

## MOTION

Here comes Debtor motioning this Court to Vacate the Order of January 28,

modifying the stay for the following reasons and Affidavit in support  attached thereto.

1.  Two months after HomeQ Servicing Corporation  became servicer for Debtor's

Account,Jose Moreno of Codilis & Associates filed a motion December 3, 2007 to

modify the stay in case # 07 B 05127 and on December 10, 2007, the stay was modified

on misrepresented material facts and Debtor did not know of this action until after the

fact.

2.   January 14, 2007 HomeQ Servicing Corporation other attorney James E. Transch

of Jaros, Tittle & Otoole, Limited filed the same motion to modify the stay in the same

case # 07 B 05127 based on misrepresentation of facts alleging Debtor was in default

of Pre-Petition for twenty (20 ) months when in fact, Debtor had not owned the

property for twenty (20) months and allege a post-petition default of 7 months which is

not true.. A misrepresentation of material facts.

3.   Debtor was not in default Debtor had an Order Conditioning Stay.. Creditor's

attorney filled the motion to modify the stay on a misrepresentation of a material fact.

4.      What happen to all of the $7, 158.76 in Post-petition payments Debtor made after March 22, 2007? This court have the power to grant an investigation. According to Creditor HomeQ Servicing Corporation and their attorneys Debtor have not made post-petition before they became servicer of Debtor's account A misrepresentation of a material fact.

5.   Creditor's Attorney motion was without merit and should not have been filed. The filing of the motion was willful and a mean to scam Debtor out of his money and property by relying on this Court..

6.   .Debtor made post-petition payments as provided him under the court Order Conditioning Stay of August 6, 2007 This Court have the power to vacate.

7..  The Order of January 28, 2007, as it stand will bring harm beyond repair to Debtor.by defrauding him out of the money he paid and was not given credie for WHEREFORE , Debtor Prays that this Court will vacate the January 28, 2007, Order.

Respectfully submitted,

Jeffrey Brown

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| In Re: | ) |
| | ) No: 07 B 05127 |
| Jeffrey Brown | ) |
| | ) Chapter 13 |
| Debtor. | ) |
| | ) Judge: Honorable Jacqueline P. Cox |
| | ) |

### Affidavit In Support Of Motion To Reconsider

State of Illinois )
      ) SS
County of Cook )

I, Doris Brown, being duly sworn deposes and says that I have Power of Attorney and authority to make this Affidavit with respect to the above mentioned motion and states as followers:

1.  I have personal knowledge of the facts contained in this Affidavit.

2.  On August 6, 2007, an Order Conditioning Stay was entered about debtor's post-petition payments and how they were to be paid through January, 2008.

3.  September 2007, Debtor's accounts servicing was transferred from Select Portfolio Servicing Inc. to HOMEQ Servicing Corporation, which the same account had been either sold, assigned or transferred to Select portfolio Serving from ResMae Mortgage Corporation on or about February 2007.

4.  January 14, 2008 James E. Trausch attorney for creditor, HomeQ Servicing Corporation from a different law firm filed a motion to modify the stay in this same case # 07 B 05127 which their other law firm had gotten the stay modified December 10, 2007 on a falsehood and Debtor had no knowledge about it until after December 10, 2007. Both law firms are charging Debtor separate fees and adding it into the allege defaults.

5.  .The Required Statement To Accompany All Motions To Modify Stay filed by the Attorney for Creditor  specify that on direct payments to the moving creditor post-petition default of 7 months including months after the case had been modified totaling $6, 754.77 which is a falsehood  and a pre-petition default of 20 months which is a falsehood because Debtor had not owned the property for 20 months.

6.    Before this case was modified by HomeQ Servicing other Attorney firm December 10, 2007, on a falsehood Debtor had paid $7,158.76 in post-petition payments and $3,864.00 in per-petition payments. since March 22, 2007.

7.    Two months after taking over the servicing of debtor's account in September 2007, Creditor HomeQ misappropriated post-petition payments debtor had paid.

8.    I have knowledge of post-petition money orders from Debtor showing as cashed. I have knowledge of Wesson Union confirming the quick collect from Debtor to Creditor.

9.    I have knowledge that Debtor was making payments according to and within the ramification of the Order of August 6, 2007, which he was to follow in making the post-petition payments through January 2008.

10    I have knowledge that Creditor and their Attorney disregarded the Order Conditioning Stay. There's nothing in the Order where a motion is to be filed in this court to modify the stay in case of default when the Attorney filed the motion to modify.

11    Debtor was not in default. He did not violate the Order. Creditor's attorney did by not adhering to it and filing a motion based on falsehood in order to modify the stay.

Subscribed and sworn to before me
This _66_ day of _March_ 20 _08_
_Wanda Geanes_
        Votary Public

**"OFFICIAL SEAL"**
**WANDA GEANES**
Notary Public, State of Illinois
My Commission Expires June 10, 2010

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                              )
                                    )   No: 07 B 05127
    Jeffrey Brown                   )
                                    )   Chapter 13
            Debtor.                 )
                                    )   Judge:  Honorable Jacqueline P. Cox
                                    )

### notice of motion

To:

Codilis & Associates, P.C. 15W030 North Frontage Road, Suite 100,  Burr Ridge,
IL 60527.

Tom Vaughn , Chapter 13, Trustee, 200 South Michigan, Suite 1300, Chicago, IL
60404.

James L. Hardemon, 8527 S. Stony Island, Chicago, IL 60617.

Please take notice that on _March 31, 2008_ at _9:00 am_ I shall appear before
Honorable Judge Jacqueline P. Cox in, room 619, at the Dirksen building, 219  South
Dearborn, Chicago, IL and present the attached motion with Affidavit to Reconsider the
Order of January 28, 2008.

Jeffrey Brown

_Jeffrey Brown_

15840 marshfield
Harvey, IL 60426

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 06 2008

KENNETH S. GARDNER, CLERK
PS REP. - SW

## CERTIFICATION OF SERVICE

I hereby, certify that a copy of this notice alone with the attached motion was caused to be served upon the names listed by placing a copy with correct postage at the U.S. Postal Service before 7: 00 p.m. on March 6, 2007.

Codilis & Associates P.C. 15W030 North Frontage Road, Suite 100, Burr Ridge, IL 60527

Tom Vaughn, Chapter 13, 200 S Michigan , Suite 1300, Chicago, IL 60604.

James L. Hardemon, 8527 S. Stony Island, Chicago, IL 60617

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                          )
                                )   No: 07 B 05127
    Jeffrey Brown               )
                                )   Chapter 13
        Debtor.                 )
                                )   Judge:  Honorable Jacqueline P. Cox
                                )

FILED

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

MAR 06 2008

KENNETH S. GARDNER, CLERK
PS REP. - SW

## MOTION

Here comes Debtor motioning this Court to Reconsider the Order of January 28, 2008, denying Debtor's Motion to Vacate the Order of December 10, 2007, modifying the stay for the following reasons and Affidavit in support attached thereto.

1.   Debtor was not in default Debtor had an Order Conditioning Stay. Creditor's Attorney Moreno, in fact, knew Debtor had paid the October, 2007, post petition payment. Yet, he filed the motion to modify the stay alleging that it had not been paid and a default of three (3) months. A misrepresentation of a material fact.

2.   Debtor had no previous knowledge of the filing of the motion by Attorney Moreno, or court date until after the order of December 10, 2007, therefore he was deprived of his right to answer, appear and defend.

3.   Creditor's Attorney included his fee of $650.00 in the allege post petition default to total $1,228.49. as so alleged for default. Debtor was not in default. Debtor made post- petition payments according to the Order Conditioning Stay. The Chapter 13 allows for Debtor's post petition payments to be for his mortgage payments. A misrepresentation of a material fact.

4.   What happen to all of the $7,158.76 in Post-petition payments Debtor made after

March 22, 2007? This court have the power to grant an investigation. According to

Creditor HomeQ Servicing Corporation and their attorneys Debtor have not made

post-petition before they became servicer of Debtor's account in September. ( Exhibit B

attached hereto). They took some of the payments in October 2007 and credit it starting

with April 1, 2007 which had been paid. A misrepresentation of a material fact.

5.  Creditor's Attorney motion was without merit and should not have been filed.

The filing of the motion was willful and a mean to scam Debtor out of his money and

property by relying on this Court that's why Attorney Moreno was in a hurry; motioning

not to wait 10 days after the order trying to not allow debtor to have his day in court. He

know that Debtor can prove that October 2007 was paid which makes his motion not true.

6.  .Debtor made post-petition payments as provided him under the court Order

Conditioning Stay of August 6, 2007 This Court have the power to vacate.

7..  The Order of December 10, 2007, as it stand will bring harm beyond repair

to Debtor. WHEREFORE , Debtor Prays that this Court will vacate the December 10,

2007, Order.

Respectfully submitted,

*Jeffrey Brown*
Jeffrey Brown



*Exhibit B*

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

In Re:                              )
                                    )   No: 07 B 05127
    Jeffrey Brown                   )
                                    )   Chapter 13
            Debtor.                 )
                                    )   Judge:  Honorable Jacqueline P. Cox
                                    )

### Affidavit In Support Of Motion To Reconsider

State of Illinois  )
                   )  SS
County of Cook )

I, Doris Brown, being duly sworn deposes and says that I have Power of Attorney and authority to make this Affidavit with respect to the above mentioned motion and states as followers:

1.   I have personal knowledge of the facts contained in this Affidavit.

2.   On August 6, 2007, an Order Conditioning Stay was entered about debtor's post-petition payments and how they were to be paid through January, 2008.

3.   September 2007, Debtor's accounts servicing was transferred from Select Portfolio Servicing Inc. to HOMEQ Servicing Corporation, which the same account had been either sold, assigned or transferred to Select portfolio Serving from ResMae Mortgage Corporation on or about February 2007.

4.   December 3, 2007, Jose Moreno, attorney for creditor, HomeQ Servicing Corporation filed a motion to modify the stay based on untruths.

5.   .The Required Statement To Accompany All Motions To Modify Stay filed by the Attorney for Creditor  specify that on direct payments to the moving creditor post-petition default 3 months in amount of $1, 228.49. Debtor  does not have a post-petition payment whereas  three (3) would equal a default of $1, 228.49 if not paid.

6.   At the time, December 3, 2007, the attorney for HomeQ Servicing filed the motion to modify the stay Debtor had paid $7, 158.76 in post-petition payments and $3, 864.00 in Pre-Petition payments sinceMarch 22, 2007.

7.   Two months after taking over the servicing of debtor's account in September 2007, Creditor HomeQ misappropriated the post-petition payments debtor had paid and only gave debtor credit for two of the post-petition payments paid in October 2007, and credit it to debtor's account starting back to April 1, 2007 (exhibit A, attached to motion) which was already paid.

8.   I have knowledge of post-petition money orders from Debtor  showing as cashed. I have knowledge of Wesson Union confirming the quick collect from Debtor to Creditor.

9.   I have knowledge that Debtor was making payments according to and within the ramification of the Order of August 6, 2007, which he was to follow in making the post-petition payments through January 2008.

10   I have knowledge that Creditor and their Attorney disregarded the Order Conditioning Stay. There's nothing in the Order where a motion is to be filed in this court to modify the stay in case of default when the Attorney filed the motion to modify.

11   Debtor was not in default. He did not violate the Order. Creditor's attorney did by not adhering to it and filing a motion based on falsehood in order to modify the stay.

Subscribed and sworn to before me
This _____ day of _____ 20 __
_____
        Notary Public

"OFFICIAL SEAL"
WANDA GEANES
Notary Public, State of Illinois
My Commission Expires June 10, 2010

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

IN RE:      Jeffrey Brown,                )
                                          )    Case No.:    07-05127
                                          )    Judge:       Cox
                                          )    Chapter:     13
            Debtor(s)                     )
                                          )

## NOTICE OF MOTION

TO:   Tom Vaughn, Trustee, 200 S. Michigan Ave., Ste. 1300, Chicago, IL 60604
      (ECF Notice)
      Jeffrey Brown, Debtors, P.O. Box 1901 Harvey, IL 60426 (US Mail)
      See Attached Service List (US Mail)

PLEASE TAKE NOTICE that on April 21, 2008 at 9:00 am, or soon thereafter as I may be
heard, I shall appear before the Honorable Judge Cox or any other Bankruptcy Judge presiding in
his place in Courtroom 619 of the Dirksen Federal Building, 219 S. Dearborn, Chicago, IL, on
the attached motion and shall request that the attached Order be entered, at which time you may
appear if desired.

## PROOF OF SERVICE

The undersigned does hereby certify that a copy of this Notice and Motion was mailed to
the above persons, at their respective addresses, postage prepaid, by depositing in the U.S. Mail
at 8527 S. Stony Island Ave., Chicago, IL, before 6:00 pm on or before March 31, 2008 or via
electronic notice from the bankruptcy court.

                                    /s/ James L. Hardemon

James L. Hardemon
LEGAL REMEDIES, CHARTERED
8527 S. Stony Island Ave.
Chicago, IL 60617
773-374-5288

UNITED STATES BANKRUPTCY COURT - NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

RE:   JEFFREY BROWN                        )   Case No. 07 B 05127
                                           )
                                           )   Chapter 13
                             Debtor        )
                                           )   Judge: JACQUELINE P COX


### ORDER DISMISSING CASE FOR FAILURE TO MAKE PLAN PAYMENTS

This matter coming before the court on Trustee's Motion to

Dismiss, due notice having been given and the court having heard

the facts presented;

IT IS THEREFORE ORDERED that this case is dismissed on the

trustee's motion for material default by the debtor with respect to

a term of a confirmed plan, pursuant to Section 1307 (d) (6).


APR 1 4 2008

ENTERED: _____        JUDGE_____


TOM VAUGHN
CHAPTER 13 TRUSTEE
200 S MICHIGAN AVE #1300
CHICAGO ILLINOIS  60604-2402
(312) 294-5900

Form ntcdsm

# UNITED STATES BANKRUPTCY COURT
### Northern District of Illinois
### Eastern Division
### 219 S Dearborn
### 7th Floor
### Chicago, IL 60604

Case No.: 07–05127
Chapter: 13
Judge: Jacqueline P. Cox

In Re:
Jeffrey Brown
15840 S. Marshfield
Harvey, IL 60426

Social Security No.:
xxx–xx–8466

Employer's Tax I.D. No.:

## NOTICE OF DISMISSAL

You are hereby notified that an Order Dismissing the above case was entered on April 14, 2008 for failure to make plan payments

FOR THE COURT

Dated: April 15, 2008

Kenneth S. Gardner , Clerk
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

**FILED**
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

APR 24 2008

**KENNETH S. GARDNER, CLERK**
**PS REP. - SW**

In Re:                          )
                                )   No: 07 B 05127
Jeffrey Brown                   )
                                )   Chapter 13
          Debtor.              )
                                )   Judge:  Honorable Jacqueline P. Cox
                                )

### NOTICE OF APPEAL

Plaintiff, Jeffrey Brown, hereby appeals under 28 U.S.C. § 158 (a) from the orders of the bankruptcy judge mooting plaintiff's continue motions:

(1) to reconsider the order of January 28, 2008 , denying his motion to vacate the order of December 10, 2007 modifying the stay.

(2) to vacate the order of January 28, 2008, modifying the stay

both entered on April 14, 2008 . Also, the order granting motion to dismiss case heard on April 14, 2008 and entered April 15, 2008.

The name of the parties to the orders appealed from are:

1. HomeQ Servicing Corporation  and the Attorneys are: (a) Codilis & Associates P.C. 15W030 North Frontage Road, Burr Ridge, IL 60527, and (b) Jaros, Tittle & Otoole Limited, 20 North Clark Street, Chicago, IL 60602.

2. Tom Vaughn , Chapter 13 Trustee 200 South Michigan, Suite 1300, Chicago, IL 60604.

Dated: **4-23-08**

Jeffrey Brown
P.O. Box 1901
Harvey, IL 60426

**DismPayment, APPEAL**

## U.S. Bankruptcy Court
## Northern District of Illinois (Chicago)
## Bankruptcy Petition #: 07-05127
### Internal Use Only

*Assigned to:* Jacqueline P. Cox
Chapter 13
Voluntary
Asset

*Date Filed:* 03/22/2007
*Date Dismissed:* 04/14/2008

**Debtor**
**Jeffrey Brown**
15840 S. Marshfield
Harvey, IL 60426
SSN: 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

represented by **James L Hardemon**
Legal Remedies, Chartered
8527 S Stony Island
Chicago, IL 60617
773-374-5288
Fax : 773-374-5642
Email:
bknotices@legalremedieschicago.com

**Trustee**
**Tom Vaughn**
200 South Michigan Ste 1300
Chicago, IL 60604
312 294-5900

**U.S. Trustee**
**William T Neary**
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604
312-886-5785

| Filing Date | # | Docket Text |
|---|---|---|
| 08/06/2007 | 46 | Order Withdrawing Trustee's Motion To Dismiss Case (Related Doc # 26). Signed on 8/6/2007. (Ramey, Dorothy) (Entered: 08/08/2007) |
| 08/06/2007 | 47 | Order Relief from Stay if Failure to Comply with Order (RE: 34 Motion for Relief Stay, ). Signed on 8/6/2007 (Ramey, Dorothy) (Entered: 08/08/2007) |
| 08/06/2007 | 48 | Order Granting Application For Compensation (Related Doc # 19). James L Hardemon, fees awarded: $2500.00, expenses awarded: $324.00. Signed on 8/6/2007. (Ramey, Dorothy) (Entered: |

| | | |
|---|---|---|
| | | 08/09/2007) |
| 08/06/2007 | ❶49 | Order Confirming Chapter 13 Plan (RE: 42 Modified Chapter 13 Plan). Signed on 8/6/2007 (Ramey, Dorothy) (Entered: 08/09/2007) |
| 08/10/2007 | ❶50 | Notice of Motion and Motion to Allow Costs of Collection Filed by Dana N O'Brien on behalf of Select Portfolio Servicing. Hearing scheduled for 8/20/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (O'Brien, Dana) (Entered: 08/10/2007) |
| 08/20/2007 | ❶51 | Order Granting Motion To Allow Costs of Collection (Related Doc # 50). Signed on 8/20/2007. (Ramey, Dorothy) (Entered: 08/22/2007) |
| 12/03/2007 | ❶52 | Notice of Motion and Motion for Relief from Stay as to 15624 Lexington Avenue, Harvey, IL. Fee Amount $150, Filed by Jose G Moreno on behalf of HomEq Servicing. Hearing scheduled for 12/10/2007 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Statement Accompanying Relief From Stay # 2 Proposed Order) (Moreno, Jose) (Entered: 12/03/2007) |
| 12/03/2007 | 53 | Receipt of Motion for Relief Stay(07-05127) [motion,mrlfsty] ( 150.00) Filing Fee. Receipt number 7968413. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 12/03/2007) |
| 12/10/2007 | ❶54 | Order Granting Motion for Relief from Stay (Related Doc # 52). Signed on 12/10/2007. (Ramey, Dorothy) (Entered: 12/11/2007) |
| 12/11/2007 | | Remark . The claim of HomQ Servicing as Servicer for Sutton Funding, LLC is withdrawn. (Entered: 12/11/2007) |
| 12/20/2007 | ❶55 | Notice of Motion and Motion to Vacate (related documents 54 Order on Motion for Relief from Stay) Filed by Jeffrey Brown . Hearing scheduled for 1/15/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Cabrales, Claudia) (Entered: 12/21/2007) |
| 01/14/2008 | ❶56 | Notice of Motion and Motion for Relief from Stay as to 15624 Lexington Avenue, Harvey, IL 60426. Fee Amount $150, Filed by James E. Trausch on behalf of HomEq Servicing. Hearing scheduled for 1/28/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Statement Accompanying Relief From Stay # 2 Proposed Order) (Trausch, James) (Entered: 01/14/2008) |
| 01/14/2008 | 57 | Receipt of Motion for Relief Stay(07-05127) [motion,mrlfsty] |

| | | |
|---|---|---|
| | | ( 150.00) Filing Fee. Receipt number 8157844. Fee Amount $ 150.00 (U.S. Treasury) (Entered: 01/14/2008) |
| 01/15/2008 | ❍58 | Amended Notice of Motion Filed by Jeffrey Brown (RE: 55 Motion to Vacate, ). Hearing scheduled for 1/28/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Ramey, Dorothy) (Entered: 01/16/2008) |
| 01/28/2008 | ❍59 | Hearing Continued (RE: 56 Relief Stay). Hearing Scheduled for 02/25/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 01/28/2008) |
| 01/28/2008 | ❍60 | Hearing Continued (RE: 55 Vacate). Hearing Scheduled for 02/25/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 01/28/2008) |
| 02/25/2008 | ❍61 | Order Granting Motion for Relief from Stay (Related Doc # 56). Signed on 2/25/2008. (Henderson, LaToya) (Entered: 02/26/2008) |
| 02/26/2008 | ❍62 | Order Denying for the Reasons Stated on the Record Motion To Vacate (Related Doc # 55). Signed on 2/26/2008. (Ramey, Dorothy) (Entered: 02/27/2008) |
| 03/03/2008 | ❍63 | Notice of Motion and Motion to Dismiss Case for Failure to Make Plan Payments Filed by Tom Vaughn Hearing scheduled for 4/14/2008 at 9:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Vaughn, Tom) (Entered: 03/03/2008) |
| 03/06/2008 | ❍64 | Notice of Motion and Motion to Vacate (related documents 61 Order on Motion for Relief from Stay) Filed by Jeffrey Brown . Hearing scheduled for 3/31/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Affidavit) (Ross, Demetrius) (Entered: 03/07/2008) |
| 03/06/2008 | ❍65 | Notice of Motion and Motion for Relief from Judgment or Order (related document(s): 62 Order on Motion to Vacate) Filed by Jeffrey Brown . Hearing scheduled for 3/31/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Affidavit) (Ross, Demetrius) (Entered: 03/07/2008) |
| 03/31/2008 | ❍66 | Notice of Motion and Motion to Withdraw as Attorney Filed by James L Hardemon on behalf of Jeffrey Brown. Hearing scheduled for 4/21/2008 at 09:30 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Attachments: # 1 Proposed Order) (Hardemon, James) (Entered: 03/31/2008) |
| | | |

| 03/31/2008 | ❶67 | Hearing Continued (RE: 64 Vacate). Hearing Scheduled for 04/14/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 03/31/2008) |
| 03/31/2008 | ❶68 | Hearing Continued (RE: 65 Relief from Judgment or Order). Hearing Scheduled for 04/14/2008 at 10:00 AM at Courtroom 619 219 South Dearborn, Chicago, IL, 60604. (Watson,Anthony) (Entered: 03/31/2008) |
| 03/31/2008 | ❶69 | Amended Notice of Motion Filed by James L Hardemon on behalf of Jeffrey Brown (RE: 66 Motion to Withdraw as Attorney, ). Hearing scheduled for 4/21/2008 at 09:00 AM at 219 South Dearborn, Courtroom 619, Chicago, Illinois 60604. (Hardemon, James) (Entered: 03/31/2008) |
| 04/14/2008 | ❶70 | (E)Order Mooting Motion To Vacate (Related Doc # 64). Signed on 04/14/2008. (Watson, Anthony) (Entered: 04/14/2008) |
| 04/14/2008 | ❶71 | (E)Order Mooting Motion for Relief from Judgment or Order (Related Doc # 65). Signed on 04/14/2008. (Watson, Anthony) (Entered: 04/14/2008) |
| 04/14/2008 | ❶72 | Order Granting Motion to Dismiss Case for Failure to Make Plan Payments (Related Doc # 63). Signed on 4/14/2008. (Chavez, Baldo) (Entered: 04/15/2008) |
| 04/15/2008 | ❶73 | BNC Certificate of Service - Notice of Dismissal (RE: 72 Order on Motion Dismiss Case for Failure to Make Plan Payments). No. of Notices: 12. Service Date 04/17/2008. (Admin.) (Entered: 04/18/2008) |
| 04/21/2008 | ❶74 | (E)Order Mooting (RE: 66 Motion to Withdraw as Attorney, ). Signed on 4/21/2008 (Ross, Demetrius) (Entered: 04/23/2008) |
| 04/23/2008 | | Motions terminated . (Ross, Demetrius) (Entered: 04/23/2008) |
| 04/24/2008 | ❶75 | Notice of Appeal to District Court. Filed by Jeffrey Brown . Fee Amount $255 (RE: 72 Order on Motion Dismiss Case for Failure to Make Plan Payments, 54 Order on Motion for Relief from Stay, [70] Order on Motion to Vacate, [71] Order on Motion for Relief from Judgment or Order). Appellant Designation due by 5/5/2008. Transmission of Record Due by 6/2/2008. (Henderson, LaToya) Modified on 4/24/2008 to correct filed date to 4/24/2008 (Henderson, LaToya). (Entered: 04/24/2008) |
| 04/24/2008 | ❶76 | CORRECTIVE ENTRY to correct filed date to 4/24/2008 (RE: 75 Notice of Appeal, ). (Henderson, LaToya) (Entered: 04/24/2008) |

| 04/25/2008 | ❍<u>77</u> | Notice of Filing to Bk Judge and Parties on Service List (RE: <u>75</u> Notice of Appeal, ). (Henderson, LaToya) (Entered: 04/25/2008) |
| 05/02/2008 | ❍78 | Receipt of Notice of Appeal Fee- $5.00 by AL. Receipt Number 03163669. Payment received from J Brown. (Entered: 05/05/2008) |
| 05/02/2008 | ❍79 | Receipt of Docketing of Appeal Fee- $250.00 by AL. Receipt Number 03163669. Payment received from J Brown. (Entered: 05/05/2008) |
| 05/05/2008 | ❍<u>80</u> | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Jeffrey Brown . (RE: <u>75</u> Notice of Appeal, ). (Henderson, LaToya) (Entered: 05/05/2008) |

```
1

2              IN THE UNITED STATES BANKRUPTCY COURT
                  NORTHERN DISTRICT OF ILLINOIS
3                     EASTERN DIVISION

4
        IN RE:                        )
5                                     )
        JEFFREY BROWN,                ) No. 07 B 5127
6                                     ) Chicago, Illinois
                                      ) February 25, 2008
7                    Debtor,          ) 10:00 a.m.
                                      )
8                                     )

9                   TRANSCRIPT OF PROCEEDINGS
            BEFORE THE HONORABLE A BENJAMIN GOLDGAR
10
        APPEARANCES:
11

12      For the Debtor:          Mr. James Hardiman;

13
        For HomEq Servicing:     Ms. Amy Aronson;
14                               Mr. Joel Fonferko;

15      Chapter 13 Trustee:      Ms. Janice Newport.

16

17

18

19

20

21

22

23
```

1        THE CLERK:  Jeffrey Brown.

2        MR. HARDIMAN:  James Hardiman on behalf of the

3   debtor, Your Honor.

4        MS. ARONSON:  Amy Aronson for HomEq.

5        MR. FONFERKO:  Joel Fonferko for HomEq as well,

6   Your Honor.

7        THE COURT:  Okay.  I've got a motion to modify the

8   stay from HomEq that looks like it's been continued a

9   whole bunch of times.  And then the debtor himself filed a

10  motion to vacate --

11       MS. ARONSON:  The other HomeEq.

12       THE COURT:  -- the other order.  I don't know if we

13  even knew that that had happened, Mr. Hardiman.

14       MR. HARDIMAN:  Yeah, well there was one -- there

15  was an order entered on December 10th.  This was one of

16  those 80/20 mortgages and there was a small balance due in

17  January.  The client indicated after the order was

18  entered, that they did, in fact, have proof.  I told the

19  client I had these cases before and the courts don't look

20  too well upon these Western Union quick pays -- pay

21  receipts, but she came into my office Friday and she had a

22  bunch of receipts.  So I think probably, Your Honor, this

23  matter should probably be set down for a contested

24  hearing.  She wants her day in court to get proof that she

1   has all of the payments.

2           THE COURT:  Well, Mr. --

3           MR. HARDIMAN:  There was a second mortgage which

4   was 80 percent.  They filed the motion which was pending

5   that.  They allege that she's sixty-one-fifty-four

6   seventy-seven --

7           THE COURT:  Who's she?  The debtor is Jeffrey

8   Brown.

9           MR. HARDIMAN:  Jeffrey Brown.  His mother really

10  takes care of most of this.

11          THE COURT:  Oh, okay.

12          MR. HARDIMAN:  This is Ms. Doris Brown, his mother.

13  And that's one of the problems I had.

14          THE COURT:  Well, what is it that you want a

15  contested hearing on?

16          MR. HARDIMAN:  That they will be able to submit

17  proof of these various payments.

18          THE COURT:  Well, I've got two motions.  I have one

19  that Mr. Brown seems to have filed himself.  I don't know

20  whether he even knew about it.  He seems to have given you

21  notice of the motion, interestingly.

22          MR. HARDIMAN:  I will, Your Honor.

23          THE COURT:  All right.  Are you adopting this?  I

24  mean, are you fine with going ahead on the motion to

1   vacate?

2           MR. HARDIMAN:  Yes.  Judge, I talked to the

3   mortgage company on this, the one that was entered, and

4   they indicated that if we gave them proof, there is a

5   small amount -- it was really without their attorney's

6   fees about $600, five-fifty-eight.  Then with their

7   attorneys' fees is comes to twelve-twenty-eight as of

8   December the 10th.  Since that time, January and February

9   payments are now due.  But she did bring in some quick

10  pays.  I don't know if they received them or not.

11          MR. FONFERKO:  We're the second mortgage, Your

12  Honor, on the motion to vacate.  We're not the first,

13  we're the second.  I'm not sure.  I think we even put

14  someone in the opposite way, but we would accept --

15          MR. HARDIMAN:  Yes.

16          MR. FONFERKO:  Through January we were showing

17  $1657.67 plus now February, which is

18  two-oh-four-twenty-three and a late charge of

19  ten-twenty-one.

20          MS. ARONSON:  And, Judge, I'm showing a seven-month

21  default.  So it seems like this is not Mr. Brown's first

22  case.  So there is a default showing failure to make

23  payments a total of $6,100 through January.  It was

24  continued from January 28 to today's date because,

1    apparently, Jeffrey Brown's mother had some documents that

2    she was showing us but never tendered.  And I know Mrs.

3    Brown wants to talk, but I think that it's Mr. Brown's

4    case and they have a lawyer so --

5         THE COURT:  Correct.

6         MS. ARONSON:  -- it's distracting to be waved at.

7    And I was wondering if we could have a status report from

8    the Chapter 13 trustee.

9         MS. NEWPORT:  The debtor has an arrearage in the

10   case of $2,577 which is about 4 payments.  And the further

11   problem with the case is that HomEq is not getting money,

12   not just because the stay is modified on one of the

13   mortgages, but also because we can't get HomEq to file a

14   transfer of claim.  And we are accumulating money on the

15   prepetition arrears.  We're getting money returned.  So I

16   brought that to the court last time.  I would just like

17   to, you know, bring that to your attention again today.

18        MS. ARONSON:  Judge, there is still a default to

19   the trustee, and we're showing a seven-month default post.

20   So I'd like to proceed on my continued motion for relief

21   from stay.

22        MR. HARDIMAN:  Your Honor, she has a quite few

23   receipts.  She brought them in Friday afternoon to my

24   office.

1    THE COURT:  Well, according to the motion the

2    debtor is seven months behind.  That's contested I take

3    it?

4    MRS. BROWN:  Yes.

5    THE COURT:  No.  Ma'am, you don't have any standing

6    to speak here.

7    MR. HARDIMAN:  Yes.  According to my client she is

8    current.

9    THE COURT:  Okay.

10    MS. ARONSON:  But, Judge, I think that's what the

11    30 days was given.  I mean, this was originally brought

12    January 28th and it's now February 25th.

13    THE COURT:  Right.

14    MS. ARONSON:  In the interim Mr. Brown was to

15    deliver either funds or proof of payment since the

16    beginning of the case.  We've received neither.

17    MR. HARDIMAN:  Your Honor, as the court knows when

18    you get money orders, you have to go back to the currency

19    exchange, to the client, it takes about 30 days for the

20    currency exchange to issue the front and back of those

21    money orders.

22    THE COURT:  Even if you're contesting the payments

23    to the creditor and saying that far from being seven

24    months behind, the debtor is current, the trustee is

1    saying there's a hefty default here.

2         MRS. BROWN:  Because --

3         THE COURT:  Ma'am, Mr. Hardiman has to do the

4    speaking.  Okay?

5              That alone would be grounds to lift the

6    stay; right?

7         MR. HARDIMAN:  That's correct.  Judge, I wasn't

8    aware of the trustee's arrearage.  I only know about the

9    motion.  We've been working to try to get these receipts

10    together.  And, again, the client came in Friday.  She had

11    a bunch of quick collect pays.  And because these loans

12    and these companies have been sold back and forth, it's

13    very possible that a lot of these payments were not, in

14    fact, posted.  I would like for them -- I would like for

15    this big arrears to at least look at some of the receipts,

16    the one that HomEq alleges is seven months, to at least

17    see whether or not they have these payments that were sent

18    in by quick collect and some of these money orders.

19         MS. ARONSON:  The notice of motion went out January

20    14th for a January 28th hearing.  So we're six months into

21    the process with no documents, and counsel has a

22    handwritten list.

23         MR. HARDIMAN:  They were brought to me on Friday.

24         MS. ARONSON:  No, I don't have any problem with

1    counsel not having been provided them until Friday, the

2    22nd.  But I think at some point during the six-week

3    period somebody could have --

4        THE COURT:  Okay.  I'm going to grant the motion

5    brought by Mr. Trauch's office.

6        MS. ARONSON:  Thank you.

7        THE COURT:  I'll strike the Rule 4001 waiver and

8    that will give you a little bit of time to talk.

9           The motion to vacate seems to be based on

10    lack of notice.  I don't have the original motion.  I

11    mean, that's what it --

12        MR. FONFERKO:  The motion was sent to Mr. Hardiman

13    Your Honor.

14        THE COURT:  Yeah.  I mean, is there any question

15    about that, Mr. Hardiman?

16        MR. HARDIMAN:  Well, Judge, his mother takes care

17    of business in terms of he didn't get notice because he'

18    at a different address.  It's a little bit complicated

19    because actually Mrs. Brown takes care of all of the

20    business.

21        THE COURT:  Well, maybe so, but Mr. Brown is the

22    debtor.

23           Did Mr. Brown -- I mean, what does the

24    proof of service on the original motion show about servi

1  on Mr. Brown?  Was he served?

2        MR. FONFERKO:  I don't have that with me, Your

3  Honor.  I'm sure that he was because that's the address

4  that is listed on the service list.

5        THE COURT:  It shows as having been sent to Mr.

6  Brown at 15840 South Marshfield in Harvey.  Is there any

7  question about whether that's the debtor's address?

8              May I see what it shows on the docket,

9  please, for the debtor's address?

10        MR. HARDIMAN:  That's his address.

11        THE COURT:  That's his address.  So I don't see a

12  basis for vacating the order not based on this anyway.

13        MRS. BROWN:  Your Honor, I have all of the

14  information pertaining to this.  They just came on this

15  case in September.

16        THE COURT:  Ma'am --

17        MRS. BROWN:  I spent $5,000 --

18        THE COURT:  -- ma'am --

19        MRS. BROWN:  -- that they haven't given us credit

20  for.

21        THE COURT:  -- you're not a party to the bankrupt

22  case.  You're not the debtor.  The debtor, Mr. Brown, ha

23  a lawyer.  The lawyer does the speaking.

24              Okay.  I'm going to deny the motion to

1   vacate.  I don't see any basis to vacate the December 10th

2   order.  That motion is denied.

3          MRS. BROWN:  They stole $5,000 away from us.  They

4   only gave us credit for two months.

5          THE COURT:  Ma'am --

6          MRS. BROWN:  I'm sorry, Your Honor, but that's not

7   right, Your Honor.

8          THE COURT:  Please, ma'am.

9          MRS. BROWN:  Nobody is listening to --

10          THE COURT:  I will call the U.S. Marshal if I have

11   to.  I've never done that, and I really don't want to

12   start now.

13              All right.  We're finished.

14          MR. HARDIMAN:  As to the second mortgage, did you

15   rule on the seven months?

16          MS. ARONSON:  That's the first mortgage.

17          MR. HARDIMAN:  I mean the first mortgage.

18          MS. ARONSON:  The judge modified the stay and

19   struck the --

20          THE COURT:  I struck the Rule 4001 language.  The

21   other motion is denied.

22   (Which were all of the proceedings in the above-entitled,
    February 25, 2008, cause.)

23

24   I, JOYCE A. VAN DAELE, DO HEREBY CERTIFY THE FOREGOING IS
    A TRUE AND ACCURATE TRANSCRIPT OF THE PROCEEDINGS HAD IN
    THE ABOVE-ENTITLED CAUSE.

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


In re:                                )
                                      ) No. 07 B 5127
JEFFREY BROWN,                        )
                                      ) Chicago, Illinois
                                      ) December 10, 2007
                    Debtor.           ) 9:00 a.m.


        TRANSCRIPT OF PROCEEDINGS BEFORE THE
            HONORABLE JACQUELINE P. COX


APPEARANCES:


MR. JAMES HARDIMAN
on behalf of the Debtor;

MR. PETER BASTIANEN
on behalf of HomeEq.

2

1    THE CLERK:  Jeffrey Brown, 07 B 5127.

2    MR. BASTIANEN:  Peter Bastianen for HomeEq.

3    THE COURT:  Good morning.

4    MR. BASTIANEN:  Good morning.

5    MR. HARDIMAN:  James Hardiman on behalf of

6    the debtor.

7    THE COURT:  Good morning to both of you.

8    Motion to lift stay.

9    MR. HARDIMAN:  Judge, I have not been in

10   contact with my client. I have not been able to

11   contact him.  I tried to contact him over the

12   weekend.

13   THE COURT:  Okay.

14   Anything further, Mr. Bastianen?

15   MR. BASTIANEN:  No.

16   THE COURT:  Stay is lifted.

17                    (Which were all the proceedings
                      had in the above-entitled cause,
18                    December 10, 2007.)

19

20   I, KEITH SAMUELSON, DO HEREBY CERTIFY THAT THE
     FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
21   PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.

22

23

24

25

1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                          )
                                ) No. 07 B 05127
JEFFREY BROWN,                  )
                                ) Chicago, Illinois
                                ) April 14, 2008
                    Debtor.     ) 10:00 a.m.


TRANSCRIPT OF PROCEEDINGS BEFORE THE
HONORABLE CAROL A. DOYLE

APPEARANCES:

MS. HELEN ASHFORD
on behalf of the debtor;

MR. JOSE MORENO
MS. AMY ARONSON
on behalf of HomEq Servicing;

MS. JANICE NEWPORT
on behalf of the Chapter 13 Trustee;

ALSO PRESENT:

MR. JEFFREY BROWN
PRO SE;

2

1          THE CLERK:  Jeffrey Brown.

2          MR. MORENO:  Good morning, Your Honor.

3    Jose Moreno on behalf HomEq Servicing.

4          THE COURT:  Good morning.

5          MR. MORENO:  Also up at 10:00 o'clock,

6    there's a motion to reconsider filed by the debtor.

7          THE COURT:  Is someone supposed to be

8    stepping up?

9          THE CLERK:  Would you step up to be podium,

10   please.

11         THE COURT:  State your name, please.

12         MS. BROWN:  Doris Brown.  The debtor hasn't

13   made it in yet.  He's on his way.

14         THE COURT:  Okay.

15         MS. NEWPORT:  We could pass this until the

16   10:00 o'clock set call.

17         THE COURT:  Is there a lawyer representing

18   the debtor?

19         MR. MORENO:  Yeah, James Hardemon.

20         MS. BROWN:  He's doing that pro se.  Mr.

21   Hardemon supposed to have withdrawn from the case.

22         MS. ASHFORD:  Mr. Hardemon -- I'm here for

23   Mr. Hardemon.  I'm Helen Ashford.  We do not have an

24   objection to the motion to dismiss.  Mr. Hardemon

25   has made a motion to withdraw and it's set for the

3

1    21st.

2            THE COURT:  All right.  Let's -- it seems

3    as though -- this is not the debtor -- but the

4    debtor is going -- is coming.

5            MS. ASHFORD:  Yes.

6            THE COURT:  And he's on his way?

7            MS. ASHFORD:  Yes.

8            THE COURT:  So we're going to -- let's pass

9    the case and wait for the debtor to arrive.

10           MS. ASHFORD:  Okay.

11           THE COURT:  But are you -- you are --

12           MS. ASHFORD:  I'm here for Mr. Hardemon.

13   He is in another courtroom today.

14           THE COURT:  Okay.

15           MS. BROWN:  He's supposed to --

16           MS. NEWPORT:  This is the case where the

17   debtor set up a motion herself, and that's the

18   motion that's on the 10:00 o'clock call.

19           MS. ASHFORD:  Right.

20           MS. NEWPORT:  Himself.  I'm sorry, and

21   that's the motion that's on the 10:00 o'clock call.

22           MS. BROWN:  Your Honor, Mr. Hardemon

23   supposed to have withdrawn from this case.  So

24   therefore --

25           THE COURT:  Ma'am, I have to tell you, you

4

1   are not the debtor --

2           MS. BROWN:  Right.

3           THE COURT:  -- you're not the debtor's

4   lawyer.  So you have absolutely no right to speak in

5   court, unfortunately.  But I am -- I did obviously

6   let you tell me that your brother's going to come

7   later, so he can represent himself.  I'm trying to

8   figure out what's up at 10:00.

9           MR. MORENO:  The motion to reconsider filed

10  by the debtor himself.

11          MS. ARONSON:  Right.  That's correct.  I

12  think there are two.  One involves HomEq, Judge.

13  Amy Aronson for HomEq.

14          THE COURT:  Okay.  And that's all at 10?

15          MS. ARONSON:  Yes.

16          THE COURT:  You know, Mr. Hardemon is still

17  in the case as far as I'm concerned.  So I haven't

18  looked at -- I don't know what's up at 10:00.  I'm

19  not remembering.  So I'm going to call it at 10:00.

20          MS. ASHFORD:  Okay.

21          THE COURT:  So if you can make sure you're

22  here on the 10:00 o'clock call, and I hope you're

23  going to have some idea of what's going on.

24          MS. ASHFORD:  I'll find out.

25          THE COURT:  Okay.  That will be good

5

1    because he's still in the case and this is just a

2    little confusing.  So we're just going to pass this

3    motion until 10:00 o'clock call.

4             MS. ASHFORD:  Okay.

5                       (Whereupon other matters were

6                       heard by the court.)

7             THE CLERK:  Jeffrey Brown.

8             MS. ASHFORD:  Good morning, Your Honor.

9    Helen Ashford for Jeffrey Brown.

10            THE COURT:  Good morning.

11                 Actually, I think this one may take a

12   few minutes.  So I'm thinking let's hold this one to

13   the end of the call.  It shouldn't be too much

14   longer.

15            MS. ASHFORD:  Okay.

16                      (Whereupon other matters were

17                      heard by the court.)

18            THE CLERK:  Recalling Jeffrey Brown.

19            MR. MORENO:  Jose Moreno on behalf of HomEq

20   Servicing.

21            MS. ARONSON:  Amy Aronson also on behalf of

22   HomEq Servicing.

23            THE COURT:  Okay.

24            MS. ASHFORD:  Your Honor, it's my

25   understanding that we have no defense unless the

6

1    client has certified funds today.

2            THE COURT:  Well, actually, the debtor is

3    trying to vacate previous stay lifts, not the other

4    way around.

5            MS. NEWPORT:  But we have a motion to

6    dismiss the case.

7            THE COURT:  Oh, a motion to dismiss.  I'm

8    sorry.  And when is that -- that's  --

9            MS. NEWPORT:  That's up right now.

10            MR. MORENO:  Right now.  We passed it.

11            THE COURT:  Oh, I see.  Okay.  So the

12    debtor is not current, correct?

13            MS. NEWPORT:  Right, no payments since

14    November.

15            MS. BROWN:  Because of the --

16            THE COURT:  Ma'am, you're not allowed to

17    speak.  You're not the debtor.

18            MS. BROWN:  Sorry.

19            THE COURT:  You're not an attorney, right?

20    I'm assuming you're not an attorney?

21            MS. BROWN:  But I have power of attorney.

22            THE COURT:  That doesn't give honorably

23    give you the right to speak in court.  Your brother

24    is here.

25            MS. BROWN:  That's my son.

7

1          MR. BROWN:  Your Honor, I'm here.  I'm

2    Jeffrey Brown.

3          THE COURT:  Oh, your son.  I'm sorry.

4          MR. BROWN:  Yeah.

5          THE COURT:  Could you -- okay.  You're Mr.

6    Brown?

7          MR. BROWN:  Yes.

8          THE COURT:  Have you made your trustee

9    payments?

10          MR. BROWN:  Well, no.

11          THE COURT:  Okay.  That's the biggest

12    problem in this case is if you don't make your

13    payments, I'm going to have to dismiss the case, and

14    all these other issues are completely moot, meaning

15    they don't matter because you can't have your case

16    going unless you make your payments.  So you're not

17    making your payments, so then I dismiss the case.

18    There is no automatic stay.  You're going to have to

19    make whatever arguments you want to make about these

20    issues with the mortgage company in state court if

21    they're going forward with a foreclosure action.

22    That's really the bottom line.

23          MR. BROWN:  Okay.  Your Honor, the reason I

24    didn't make my -- well, can my mom speak?  Because

25    she handles my books better than I do.

8

1        THE COURT:  Well, I just -- you know, the

2  bottom line is you haven't made the payments. I just

3  --

4        MS. BROWN:  I --

5        THE COURT:  Ma'am, you need to stop,

6  please.

7              If you haven't made the payments since

8  November, that's what, five, six months, then I have

9  to dismiss the case.  There's no reason to keep the

10 case open if you're not making your payments.  This

11 doesn't mean you lose -- whatever -- I've read this

12 motion that was filed and you say there's been

13 misrepresentations about the mortgage and that kind

14 of thing.

15             Is there a foreclosure action that was

16 pending?

17        MS. ARONSON:  Judge, I don't know the

18 status of the foreclosure.  I would imagine that

19 there is.

20        THE COURT:  Okay.

21        MS. ARONSON:  I could get --

22        THE COURT:  So here's what I need to do.  I

23 mean, the bottom line is you're five or six months

24 in default to the trustee.  In that circumstance, I

25 always dismiss the case if somebody files a motion

9

1    to dismiss.

2         MR. BROWN:  Okay.  Your Honor, I have a

3    document here saying the case was lifted.

4         THE COURT:  No, the automatic stay perhaps.

5    Okay.  These are completely different concepts.  The

6    automatic stay is in effect in a case until the

7    bankruptcy judge lifts it.  Apparently, someone who

8    was handling this case then lifted the stay.  Okay?

9    Your case still stays pending because there's a lot

10   of -- what that means is the mortgage company, or if

11   it's a car creditor, whoever, can pursue, you know,

12   their debt as though the bankruptcy wasn't pending

13   against that creditor only, but the rest of the case

14   goes on.  Because sometimes you could have a house

15   and a car or you could have a lot of debt that you

16   wanted to continue with the payments on because you

17   get something from a bankruptcy.  But most people

18   file because they want to save their house or their

19   car.

20        So, anyway, the stay was lifted but

21   that did not make the bankruptcy go away.  The

22   trustee has now moved to dismiss your case because

23   you haven't been making your plan payments each

24   month.  And if a debtor doesn't make payments for

25   even two or three months, I dismiss a case.  So does

10

1   every judge here.  And since it's been like five or

2   six months, I would dismiss your case.  That means

3   there's no more bankruptcy case pending; that means

4   everybody can go forward in state court if they

5   could, if they have a right to.  It doesn't resolve

6   the issues that are raised in your motion.  To the

7   extent -- it makes them moot to the extent that

8   means they don't matter; to the extent you're

9   arguing whether or not this automatic stay is in

10  effect.  But it doesn't mean you lose the

11  substantive argument.

12              What I'm trying to say is if you're

13  right that they're not applying the right charges or

14  they're not doing this or that, me dismissing the

15  case doesn't stop you from raising those issues if

16  you think you should in the state court proceeding.

17  Because they have to go to state court to foreclose

18  on your house.

19              MR. BROWN:  Right.

20              THE COURT:  Okay.  So those issues are no

21  longer relevant because the case should be

22  dismissed.  Once I dismiss the case -- they're not

23  relevant to -- I'm probably not being clear enough

24  but they're not relevant to this motion to dismiss

25  by the trustee that was up at 9:00 o'clock.

11

1          The reason the trustee is moving to

2   dismiss doesn't really have to do with your argument

3   with the mortgage company.  It has to do with the

4   fact that you aren't making the monthly payments

5   that are due.  Every month you've got to make the

6   payment if you want to stay in a Chapter 13.  Since

7   you haven't done that, I'm going to dismiss the

8   case.  Then there is no automatic stay issues for me

9   to decide anymore.  But you can still raise whatever

10  issues you think you have with the mortgage company

11  if they go -- try to go forward in state court with

12  foreclosure.

13          I'm just not going to decide anything

14  about that because it's no longer relevant because

15  you can't be in a bankruptcy if you don't make your

16  monthly plan payments.

17          Now there's a lawyer at the help desk

18  down on the 6th floor, and you've got Mr. Hardemon.

19  Obviously he was trying to withdraw from the case so

20  that's also going to be moot because I need to

21  dismiss the case.

22       MR. BROWN:  Well, I mean, I wasn't aware

23  that I was still wanting to -- that I was supposed

24  to pay the trustee after the -- with the stay lift.

25       THE COURT:  Well, you don't have to.  You

12

1   can always --

2           MR. BROWN:  I wasn't informed.  I'm not an

3   attorney.  I didn't go to law school.  I have to be

4   informed.

5           THE COURT:  All right.  Well, the bottom

6   line is you have to make plan payments if you want

7   to stay in a Chapter 13.

8           MR. BROWN:  Well, I wasn't aware.

9           THE COURT:  Okay.  Well, a lot of people

10  choose not to make their payments after the stay has

11  been lifted because the only reason they went into

12  bankruptcy was to save their house.  And so the

13  house is out of the bankruptcy so they stop making

14  their plan payments.  It's not an unusual thing to

15  do.  I don't know why you filed this case.  You

16  could talk to Mr. Hardemon and his associate here

17  and try to, you know, understand the issues.  But I

18  can't take any more time on this.  It's just -- it's

19  pretty much a no-brainer, frankly.  When plan

20  payments aren't made, I dismiss the case.  It's not

21  deciding one way or the other the specific issues

22  that you raised in your motion to vacate with the

23  mortgage company.  It's just not an issue that's

24  relevant to the bankruptcy case anymore because --

25  to me anymore because the case has to be dismissed

13

1    for failure to make your monthly payments.

2                    Okay.  So I'm just going to dismiss

3    the case for failure to make the plan payments.  I'm

4    not deciding anything.  I'm just going to deny as

5    moot the motion to vacate the stay lift.

6                    And if you think you have issues to

7    raise again, you can still raise those in state

8    court, but there's just no bankruptcy case to keep

9    going for it to be relevant to.

10                   MS. ASHFORD:  Thank you.

11                        (Which were all the proceedings
                          had in the above-entitled cause,
12                        April 14, 2008.)

13

14   I, KEITH SAMUELSON, CSR, DO HEREBY CERTIFY THAT THE
     FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF
15   PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.

16

17

18

19

20

21

22

23

24

25