IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN Re JEFFREY BROWN,<br><br>        Appellant/Debtor. | Case No. 08 C 3230<br>*Appealed from*<br>Case No. 07 B 5127<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Appellee Waterfall Victoria Master Fund's Motion to Dismiss Appeal, or, in the Alternative, Strike Appellant's Briefs and Stay the Appeal. For the reasons stated below, the Court grants the Motion to Dismiss.

### I. BACKGROUND

Jeffrey Brown purchased a property in Harvey, Illinois on August 22, 2005. He financed 100 percent of the $115,000 purchase price with two mortgages – the first for $92,000 and the second for $23,000. Appellee Waterfall Victoria Master Fund ("WVMF") is the successor in interest with respect to the first mortgage.

Brown filed a Chapter 13 Bankruptcy Petition on March 22, 2007 in Case No. 07 B 5127. On August 9, 2007, the Bankruptcy Court confirmed Brown's Chapter 13 Plan (the "Plan"). Under the Plan, Brown was required to pay $841.75 for each monthly payment accruing post-petition on the first mortgage and $204.23 per month on the second mortgage. In addition, as stated in Section D of the Plan, he was required to pay $606 per month to the Chapter 13 Trustee for

later distribution to the mortgagees in satisfaction of almost $30,000 in pre-petition arrearages.

On January 14, 2008, the previous servicer of the first mortgage filed a motion in the bankruptcy case seeking relief from the automatic stay in order to proceed with a foreclosure action. The motion was based on Brown's having failed to make required monthly payments on the first mortgage. At the hearing on this motion on February 25, 2008, not only did the servicer of the first mortgage state that Brown was seven months in default, but the Chapter 13 Trustee said he was four months in arrears on his payments to the Trustee. Brown claimed to have made $5,000 in payments on the mortgage for which he hadn't been credited, but Brown's attorney admitted that his arrearage to the Trustee was grounds for the court to lift the stay. The court granted the motion to lift the stay.

On April 14, 2008, the Bankruptcy Court dismissed Brown's case under 11 U.S.C. § 1307(c)(6), based on a Motion by the Trustee claiming that Brown had not made a payment to the Trustee since November 2007. Brown admitted at the hearing on the motion that he hadn't made any Trustee payments, but claimed he didn't know he had to make them. Brown again insisted that he had made payments to the servicer of the first mortgage that had not been credited. The bankruptcy judge held that this was immaterial because the case was being dismissed because of failure to make plan payments to the Trustee. The court explained to Brown at great length that his

arguments about uncredited payments were not lost but could be argued to the state court judge in a foreclosure proceeding.

Brown filed a Notice of Appeal on April 24, 2008. The case was docketed with this Court on June 4, 2008. Brown did not file an initial brief, and on February 23, 2009, his appeal was dismissed for want of prosecution. Brown moved on April 16, 2009 to reinstate the appeal, arguing that notice had been mistakenly sent to his former attorney, but not to him. The Court ordered Brown to file his initial brief, which Brown did on June 3, 2009. The Court reinstated the appeal on June 12, 2009. Brown filed an amended brief on June 16, 2009.

On October 16, 2009, the Court ordered the servicer of the first mortgage to respond to Brown's amended brief. The Court received no response until April 28, 2010, when WVMF, the successor in interest on the first mortgage, moved for an extension of time to respond to Brown's brief or otherwise plead. WVMF stated that it only recently learned of the appeal and had not been properly noticed by Brown. The Court granted the Motion for an Extension of Time. On June 3, 2010, WVMF filed a Motion to Dismiss this appeal or, in the Alternative, to Strike Appellant's Briefs and Stay Appeal. Brown moved to dismiss or strike WVMF's motion as untimely. Brown's Motion was denied on July 15, and Brown was given two weeks to respond to WVMF's motion. Brown filed his timely response on July 29.

## II.   DISCUSSION

WVMF argues that Brown's appeal should be dismissed because of his "dilatory and egregious practices" over the last three years. WVMF argues that Brown's claim is weak or frivolous and that Brown has been using stalling tactics to try to delay foreclosure proceedings in state court.  As examples of Brown's alleged stalling tactics, WVMF points to the facts that (1) Brown failed to meet deadlines for filing his initial brief in this case until finally filing it a year after filing his appeal; (2) this Court has already dismissed this case once for want of prosecution; (3) after that dismissal, Brown waited almost two months before to file a motion to reinstate the appeal; and (4) Brown filed an "emergency" motion for a stay pending appeal about 18 months after he filed his appeal.

WVMF argues further that Brown's dilatory tactics are of a piece with his tactics in the bankruptcy court.  The Court is hesitant to base a dismissal of this appeal on Brown's procedural errors in the bankruptcy court, but the Court finds that a review of these errors is helpful in inferring Brown's good or bad faith in bringing and pursuing this appeal.  Brown filed back-to-back Chapter 13 cases in the Bankruptcy Court.  The first one (Case No. 07 B 1092) was filed in January 2007.  He failed to file a timely Chapter 13 Plan and a certificate attesting to his receiving credit counseling, and the case was dismissed in February 2007. Brown filed the Chapter 13 case which is at issue in this appeal

about a month later.  Brown was late in filing copies of documents reflecting his post-petition income under 11 U.S.C. § 521(a)(1).  The Trustee moved to dismiss but later withdrew the motion.  Brown next failed to provide a copy of his tax return or transcript; again, the Trustee moved to dismiss but later withdrew the motion.  The Trustee filed another motion to dismiss when Brown was late in filing his Amended Chapter 13 Plan.  The Trustee withdrew the third motion when Brown finally filed his amended plan about six weeks later.

WVMF's predecessor in interest moved for relief from the automatic stay in January 2008 when Brown fell behind on his payments on his first mortgage.  As noted above, the Bankruptcy Court dismissed the case when Brown was found to have made no payments to the Trustee.  On at least two occasions, Brown filed Motions to Vacate orders granting relief from the automatic stay without providing adequate proof that he was current with his mortgage payments.

Brown stated in his "emergency" motions filed in this Court in October 2009 to "stay the automatic stay pending appeal" that a stay was necessary to prevent foreclosure on his property. Brown's attorney implied in a hearing in this Court on October 14, 2009 that Brown filed the appeal in this case as an attempt to forestall the foreclosure.  In February 2010, Brown argued in the state court foreclosure proceeding that U.S. and state law prohibited the foreclosure action during the pendency of this appeal, although

Brown has not been granted a stay pending appeal under Federal Rule of Bankruptcy Procedure 8005.

Brown's appellate brief raises three arguments:

(1) The Bankruptcy Court was biased toward Brown and its ruling was based on fraud;

(2) Brown was in compliance with the "order conditioning stay" entered at the end of the Chapter 13 Plan when the Motion to Modify the Automatic Stay was filed in December 2007; and

(3) Modification of the automatic stay was procured through fraud, thereby attaching double jeopardy.

None of these three claims appears to have any merit. The Court will consider each claim separately.

### A.  ARGUMENT (1)

Brown argues that WVMF's predecessor in interest committed fraud on the Bankruptcy Court by failing to credit Brown for payments he had actually made. The problem with this argument is that it is immaterial to the Bankruptcy Court's decision to dismiss the case. The Bankruptcy Court dismissed the case because of the uncontested fact that Brown was four months in arrears *to the Trustee*, to whom he had made *no* payments. Under these circumstances, the Bankruptcy Court had the authority to dismiss the case. *See* 11 U.S.C. § 1307(c)(6) (allowing bankruptcy court to dismiss case upon material default by debtor with respect to a term of a confirmed plan). Brown claims that he did not know he had to

make these payments, but this requirement is clearly stated in Section D of his Chapter 13 Plan. Furthermore, the Trustee informed Brown's attorney in open court on February 25, 2008 – almost two months before the bankruptcy court dismissed the case – that Brown was in arrears on his payments to the trustee.

### B. ARGUMENT (2)

Brown's second argument is merely a rehashing of the first and emphasizes that he was not credited for payments made on the first mortgage. Again, Brown's tardiness in his payments to the Trustee, not his payments to the first mortgagee, was the basis for dismissal.

### C. ARGUMENT (3)

Brown's "double jeopardy" argument is almost unintelligible. He argues that double jeopardy somehow attaches to the case because bankruptcy fraud is a crime. Again, his argument focuses on the immaterial question of whether the first mortgagee failed to credit payments he made. This argument is also baseless.

In his appearances in this Court, Brown has continued to argue that he was not credited with payments he made to the first mortgagee. Brown does not appear to understand that on appeal he may not reargue facts but must cite only to facts in the record of the Bankruptcy Court. *See, C&R Mortgage Corp. v. Ulz*, 419 B.R. 793, 796 (N.D. Ill. 2009). Brown has offered no legal basis for challenging the Bankruptcy Court's dismissal of his case. It is undisputed that Brown made no payments to the Chapter 13 Trustee.

Therefore, if this Court were considering the appeal on the merits, it would easily affirm the Bankruptcy Court.

The Court finds that there are ample reasons for dismissing the appeal. Brown has been using the appeal as a bad faith delaying tactic in a frivolous case. *See, In re Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (citing bad faith as basis for dismissing bankruptcy appeals). He has drawn out the process unnecessarily and caused the creditor to expend considerable energies in dealing with the case. He has not made a single legal argument that suggests that his case belongs in this Court. The Court is sympathetic to Brown's claims that he made mortgage payments for which he was not credited, but as the Bankruptcy Court explained, this factual question belongs in the state court foreclosure proceeding.

### III. CONCLUSION

For the reasons stated herein, Appellee Waterfall Victoria Master Fund's Motion to Dismiss is **granted**. The appeal is dismissed. Appellant's May 17, 2010 Motion to Vacate, and all other pending motions, are denied as moot.

**IT IS SO ORDERED.**

/s/ *[signature]*
_____
Harry D. Leinenweber, Judge
United States District Court

**DATE:** August 11, 2010